DEANNA WRIGHT MILLER, APPELLEE, V.
JOHN P. STEICHEN, APPELLEE, AND COREGIS INSURANCE COMPANY, INC., GARNISHEE-APPELLANT.

682 N.W.2d 702

Filed July 9, 2004. No. S-03-226.

Gerald L. Friedrichsen and Susan H. Carstens, of Fitzgerald, Schorr, Barmettler & Brennan, P.C., L.L.O., and Jeffrey A. Goldwater, Michelle M. Bracke, and Frank Valenti, of Bollinger, Ruberry & Garvey, for garnishee-appellant.

James E. Harris and Britany S. Shotkoski, of Harris, Feldman Law Offices, for appellee Deanna Wright Miller.

HENDRY, C.J., WRIGHT, CONNOLLY, GERRARD, STEPHAN, McCORMACK, and MILLER-LERMAN, JJ.

STEPHAN, J.

The district court for Douglas County entered a judgment in the amount of $325,000 in favor of Deanna Wright Miller against John P. Steichen in this professional liability action. The issues presented in this appeal involve a garnishment proceeding against Coregis Insurance Company, Inc. (Coregis), which is alleged to have issued a professional liability insurance policy providing coverage for Miller's claim against Steichen. A default judgment was entered against Coregis, which it unsuccessfully challenged by special appearance and by a motion to vacate. In this appeal, Coregis contends that the district court erred in not sustaining its special appearance or, in the alternative, in overruling its motion to vacate the default judgment.

## BACKGROUND

After obtaining her judgment against Steichen, Miller served a summons and order of garnishment and interrogatories in aid of execution on Coregis to recover the amount of the judgment. The summons was addressed to "Sally Ann Hawk, President, 181 West Madison Street, Suite 2600, Chicago, IL 60602." In Coregis' 2000 annual statement, Sally Ann Hawk was named as the "Chairman, President & Chief Executive Officer" as well as one of the "Directors or Trustees." The 2000 annual statement also lists the Chicago address as Coregis' main administrative office, mailing address, and primary location of books and records.

Miller filed a proof of service with the district court on December 4, 2001. Coregis did not respond to the interrogatories. On December 14, Miller sent a copy of her application for judgment and notice of hearing to Coregis by regular mail to Hawk at the Chicago office. Following a hearing, the district court entered a default judgment against Coregis on December 21, finding that

> pursuant to Neb. Rev. Stat. § 25-1028 [(Reissue 1995)], Garnishee, Coregis . . . in failing to answer the Interrogatories within ten (10) days from the date of service upon it, is presumed to be indebted to the Defendant/Judgment Debtor . . . Steichen, in the full amount of the claim of Plaintiff/Judgment Creditor . . . Miller.

Coregis filed a special appearance on January 8, 2002, arguing that it did not receive proper and sufficient service of summons. Coregis argued that Hawk "was not an employee of Coregis . . . at the time of the purported service." In addition, it argued that the affidavit and praecipe for summons was improperly issued because there was no merit to Miller's contention that Coregis was indebted to Steichen under his professional liability insurance policy in light of the U.S. District Court's memorandum opinion in *Coregis Ins. Co. v. Fellman*, 8:99CV14 (D. Neb. May 23, 2000), which found in part that the same policy did not require Coregis to defend or indemnify Steichen in regard to Miller's claim.

The district court overruled Coregis' special appearance on March 4, 2002, finding that "the return receipt would lead a reasonable person to conclude that proper service was had on the

individual purporting to be the President of Coregis" and that the issues before the U.S. District Court were distinguishable from the issues before the Douglas County District Court.

On April 17, 2002, Coregis, purporting to renew and preserve its special appearance, filed a motion to vacate the December 21, 2001, default judgment. The motion reiterated Coregis' arguments regarding insufficiency of process and alleged that it was not until on or about January 1, 2002, that Coregis' claim representative became aware of the summons and notice of hearing and that thereafter, Coregis promptly filed its special appearance. Coregis argued that it "should be given a full opportunity to present its contentions in court and be given full relief against slight and technical omissions." The district court overruled the motion to vacate in a September 6, 2002, journal entry.

On September 16, 2002, Coregis, again purporting to renew and preserve its special appearance, filed three motions: a motion to alter or amend the judgment and order, a motion for new trial, and a motion to set aside the order or judgment. In each of the motions, Coregis moved the court to reconsider the motion to vacate and grant Coregis a trial on the merits. The district court overruled all three motions in an October 1 docket entry and subsequently filed an order reaffirming that entry on October 29.

Coregis appealed from the March 1, September 6, and October 1, 2002, orders. The Nebraska Court of Appeals dismissed the appeal pursuant to Neb. Ct. R. of Prac. 7A(2) (rev. 2001), because the September 6 journal entry purporting to overrule the motion to vacate was neither signed nor date stamped and therefore did not constitute a final, appealable judgment. See *Miller v. Steichen*, 11 Neb. App. lxix (No. A-02-1249, Dec. 5, 2002). Pursuant to Coregis' motion, the district court entered a final, appealable order overruling the motion to vacate on January 30, 2003. Coregis then filed this appeal, which we moved to our docket pursuant to our authority to regulate the caseloads of this court and the Court of Appeals. See Neb. Rev. Stat. § 24-1106(3) (Reissue 1995).

## ASSIGNMENTS OF ERROR

On appeal, Coregis assigns, restated, (1) that the district court erred in overruling its special appearance because Miller failed to

properly serve Coregis with summons and (2) that the district court abused its discretion in failing to vacate the default judgment against Coregis because Coregis acted promptly to obtain relief and presented a meritorious defense to the garnishment action.

## STANDARD OF REVIEW

■ Determination of a jurisdictional issue which does not involve a factual dispute is a matter of law which requires an appellate court to reach an independent conclusion. *Crosby v. Luehrs*, 266 Neb. 827, 669 N.W.2d 635 (2003).

■ The decision to vacate an order is within the discretion of the court; such a decision will be reversed only if it is shown that the district court abused its discretion. *Talkington v. Womens Servs.*, 256 Neb. 2, 588 N.W.2d 790 (1999). A much stronger showing is required to substantiate an abuse of discretion when a judgment is vacated than when it is not. *Id.*

## ANALYSIS

We begin by addressing Miller's argument that we should affirm the judgment of the district court under the principle that a party cannot complain of error which the party has invited the court to commit. See, *Moyer v. Nebraska City Airport Auth.*, 265 Neb. 201, 655 N.W.2d 855 (2003); *Gustafson v. Burlington Northern RR. Co.*, 252 Neb. 226, 561 N.W.2d 212 (1997). Miller's argument focuses on the motion filed by Coregis in the district court after the Court of Appeals dismissed its first appeal on the jurisdictional ground that there was no final, appealable order. We view this motion as a request that the district court correct a procedural defect with respect to its entry of judgment. This is not "invited error" which would preclude our substantive review of the judgment, but, rather, a legitimate request to correct an error by the district court which prevented its judgment from becoming final and thereby deprived Coregis of its right to appellate review. Contrary to Miller's assertion, this circumstance is clearly distinguishable from *Smith v. Lincoln Meadows Homeowners Assn.*, 267 Neb. 849, 678 N.W.2d 726 (2004), in which we held that a plaintiff could not voluntarily dismiss a case without prejudice, consent to entry of such an order, and then seek appellate review of an adverse pretrial order.

Turning to the merits of the appeal, we begin by noting our agreement with Miller's contention that Coregis appeared generally in the district court. Under the statutory pleading rules applicable to actions commenced prior to January 1, 2003, a party could file a special appearance for the sole purpose of objecting to the court's assertion of personal jurisdiction over the objector. See Neb. Rev. Stat. § 25-516.01 (Reissue 1995 & Cum. Supp. 2002). An appearance is special when its sole purpose is to question the jurisdiction of the court; however, a further or later request for other relief may be a general appearance. *In re Interest of Rondell B.*, 249 Neb. 928, 546 N.W.2d 801 (1996); *West Town Homeowners Assn. v. Schneider*, 221 Neb. 674, 380 N.W.2d 265 (1986); *Ivaldy v. Ivaldy*, 157 Neb. 204, 59 N.W.2d 373 (1953). Under § 25-516.01 (Reissue 1995), where a special appearance is overruled, a "defendant's participation in proceedings on any issue other than jurisdiction over the person waives any objection that the court erred in overruling the special appearance except the objection that the defendant is not amenable to process issued by a court of this state."

Coregis has never contended that it is not amenable to process issued by a Nebraska court, only that such process was not properly served. Here, however, the special appearance filed by Coregis asserted not only the alleged defect in service of process, but also a contention that Coregis was not obligated under its professional liability policy based upon a previous declaratory judgment issued by a federal court. This assertion is incorporated by reference in Coregis' motion to vacate. Because the coverage defense asserted by Coregis involves issues unrelated to personal jurisdiction, we conclude that Coregis appeared generally and subjected itself to the jurisdiction of the district court.

This general appearance, however, does not resolve the question of whether the district court had personal jurisdiction over Coregis when it entered the default judgment. In *Ivaldy v. Ivaldy, supra,* the defendant appeared specially after a default judgment had been entered against him and objected to the court's jurisdiction over his person. Before any ruling on the special appearance, the defendant moved to vacate the judgment on the ground that he had a meritorious defense. This court held that while the latter filing was a general appearance which subjected the defendant to

the jurisdiction of the district court, it did not relate back to validate the default judgment, which judgment was entered at a time when the defendant had not been properly served, and was therefore void. Applying the same principle to this case, we conclude that Coregis subjected itself to the jurisdiction of the district court after entry of the default judgment but is not foreclosed from challenging the validity of that judgment on the ground that the court lacked personal jurisdiction, due to defective service of process, at the time the judgment was entered.

Given that Coregis subjected itself to the jurisdiction of the district court prospectively, the issue is whether that court erred in not setting aside the prior default judgment on one of two alternate grounds: (1) that Coregis had demonstrated the existence of a meritorious defense or (2) that the judgment was void because the district court lacked personal jurisdiction over Coregis at the time of entry, due to a defect in service of process.

Neb. Rev. Stat. § 25-2001(1) (Cum. Supp. 2002) provides that "[t]he inherent power of a district court to vacate or modify its judgments or orders during term may also be exercised after the end of the term, upon the same grounds, upon a motion filed within six months after the entry of the judgment or order." The district court for Douglas County has a term coextensive with the calendar year. See Rules of Dist. Ct. of Fourth Jud. Dist. 4-1C (rev. 1995). In this case, the default judgment was entered on December 21, 2001, and the motion to vacate was filed on April 17, 2002. Because the motion was filed after term but less than 6 months after the default judgment, § 25-2001(1) applies and the district court had the discretion under its statutory power to vacate the judgment on the same grounds as if it had been within term.

█ Generally,

> [w]here a judgment has been entered by default and a prompt application has been made at the same term to set it aside, with the tender of an answer or other proof disclosing a meritorious defense, the court should on reasonable terms sustain the motion and permit the cause to be heard on the merits.

*Steinberg v. Stahlnecker*, 200 Neb. 466, 467, 263 N.W.2d 861, 862 (1978). This court has further stated:

"It is the policy of the law to give a litigant full opportunity to present his contention in court and for this purpose to give full relief against slight and technical omissions. On the other hand, it is the duty of the courts to prevent an abuse of process, unnecessary delays, and dilatory and frivolous proceedings in the administration of justice. . . . *Mere mistake or miscalculation of a party or his attorneys is not sufficient, in itself, to warrant the refusal to set aside a default judgment, when there is a good defense pleaded or proved and no change of position or substantial misjustice [sic] will result from permitting a trial on the merits.*"

(Emphasis supplied.) (Emphasis in original.) *DeVries v. Rix*, 203 Neb. 392, 402, 279 N.W.2d 89, 95 (1979), quoting *Beliveau v. Goodrich*, 185 Neb. 98, 173 N.W.2d 877 (1970).

The record discloses that Coregis acted promptly when it learned that a default judgment had been entered against it on December 21, 2001. It filed its special appearance on January 8, 2002, contending that summons was not properly served and that it had a defense to the garnishment proceeding. The critical issue, therefore, is whether Coregis made the requisite showing that it has a meritorious defense to the garnishment proceeding. In this context, " '[a] meritorious or substantial defense or cause means one which is worthy of judicial inquiry because it raises a question of law deserving some investigation and discussion or a real controversy as to the essential facts.' " *Steinberg v. Stahlnecker*, 200 Neb. at 468, 263 N.W.2d at 862-63, quoting *Beren Corp. v. Spader*, 198 Neb. 677, 255 N.W.2d 247 (1977). Although a defendant seeking to vacate a default judgment is required to present a meritorious defense, it is not required that the defendant "show he will ultimately prevail in the action, but only that the defendant show that he has a defense which is recognized by the law and is not frivolous." *Beren Corp. v. Spader*, 198 Neb. at 685, 255 N.W.2d at 253. Accord *Steinberg v. Stahlnecker, supra.*

Coregis seeks to assert a defense that it has no assets from which the judgment against Steichen can be satisfied because the professional liability insurance policy which it issued to him excludes coverage for the acts or omissions by Steichen upon which Miller's claim embodied in the default judgment is based. In this regard, Coregis presented to the district court a judgment

entered in the U.S. District Court for the District of Nebraska, finding in part that Coregis had no duty under the policy in question to defend or indemnify Steichen or his law firm for claims made regarding his representation of Miller. That judgment was based on an exclusion in Steichen's policy which excludes coverage for claims "arising out of conversion [or] misappropriation." The court concluded that "[w]hen the direct and precipitating cause of the claim against the insured is an act within the exclusion, e.g., theft, embezzlement, misappropriation, or conversion, the insured's negligent failure to supervise the wrongdoer 'does not change the fact that the exclusionary clause precludes coverage.'" Coregis argues that this judgment, although not necessarily res judicata as to Miller, raises a question of law that deserves a hearing on the merits and is clearly nonfrivolous.

Miller contends, however, that Coregis has failed to present a meritorious defense because although Steichen may have been guilty of conversion and misappropriation of funds, such acts were not the direct and precipitating cause of Miller's claim or the basis of her malpractice claim. Rather, she argues that it was Steichen's failure to communicate settlement offers and his allowing the case to be dismissed outside the statute of limitations that formed the basis of the claim. Miller further argues that because she was not a party to the federal declaratory judgment action, it is not binding upon her under our decision in *Medical Protective Co. v. Schrein*, 255 Neb. 24, 582 N.W.2d 286 (1998). Therefore, Miller contends that the exclusion does not apply and that the district court did not abuse its discretion when it denied Coregis' motion to vacate.

■ An insurance policy is a contract, and when the facts are undisputed, whether or not a claimed coverage exclusion applies is a matter of law. See, *City of Scottsbluff v. Employers Mut. Ins. Co.*, 265 Neb. 707, 658 N.W.2d 704 (2003); *Neff Towing Serv. v. United States Fire Ins. Co.*, 264 Neb. 846, 652 N.W.2d 604 (2002). Coregis demonstrated that it had a defense which is "recognized by the law and is not frivolous" and is thus "'worthy of judicial inquiry.'" *Steinberg v. Stahlnecker*, 200 Neb. 466, 468, 263 N.W.2d 861, 863 (1978), quoting *Beren Corp. v. Spader*, 198 Neb. 677, 255 N.W.2d 247 (1977). This showing was sufficient under our law to warrant setting aside the default judgment so

that the garnishment proceeding could be resolved on the merits. The district court therefore abused its discretion in overruling, without explanation, Coregis' motion to vacate and subsequent motion to alter and amend the judgment. In reaching this conclusion, we express no opinion as to whether Coregis will ultimately prevail on its coverage defense.

Having determined that the district court erred in not setting aside the default judgment on the ground that Coregis demonstrated a meritorious defense, it is not necessary for this court to further determine whether or not Coregis was properly served.

## CONCLUSION

For the reasons set forth herein, we reverse the judgment of the district court and remand the cause with directions to the district court to (1) vacate the default judgment entered against Coregis on December 21, 2001, and (2) give Coregis a reasonable time in which to file an appropriate responsive pleading.

REVERSED AND REMANDED WITH DIRECTIONS.