IN THE NEBRASKA COURT OF APPEALS

**MEMORANDUM OPINION AND JUDGMENT ON APPEAL**
**(Memorandum Web Opinion)**


HAYES V. HAYES


NOTICE: THIS OPINION IS NOT DESIGNATED FOR PERMANENT PUBLICATION
AND MAY NOT BE CITED EXCEPT AS PROVIDED BY NEB. CT. R. APP. P. § 2-102(E).


DEBRA LYNN HAYES, APPELLANT,

V.

CARY JAMES HAYES, APPELLEE.


Filed March 10, 2015.    No. A-14-215.


Appeal from the District Court for Sarpy County: DAVID K. ARTERBURN, Judge. Reversed and vacated, and cause remanded with directions.

Philip B. Katz, of Koenig & Dunne Divorce Law, P.C., L.L.O., for appellant.

Jamie E. Kinkaid ,of Cordell & Cordell, P.C., for appellee.


MOORE, Chief Judge, and INBODY and PIRTLE, Judges.

INBODY, Judge.

### INTRODUCTION

Debra Lynn Hayes appeals the order of the Sarpy County District Court which overruled her motion to vacate or amend a dissolution decree. For the reasons given in this opinion, we reverse and vacate the order of the district court and remand the cause with directions.

### STATEMENT OF FACTS

Debra and Cary James Hayes were married on October 10, 1987. Debra and Cary separated on July 20, 2011. On August 15, Debra filed a complaint for dissolution of the marriage. Cary filed an answer and counterclaim also seeking dissolution of marriage and distribution of the parties' marital estate. The first notice of hearing was dated July 18, 2012, and stated that trial was set for August 30. At the request of Debra's counsel and with the agreement of Cary through his counsel, trial was continued to January 4, 2013. The second amended notice

- 1 -

of hearing was dated August 3, 2012, and stated that the trial would be held on January 30, 2013. This continuance was also at the request of Debra's counsel and was with the agreement of Cary through his counsel.

On January 30, 2013, Debra's counsel, Donald Roberts, appeared for trial, but Debra was not present. Roberts told the court that he had been in contact with Debra in the last couple of weeks and she had stated she was not sure she could be present for the trial because she was living in California and had no money to make the trip. Roberts then made an oral motion to withdraw and made an oral motion to continue to allow Debra to retain new counsel. The court denied the motion to continue and sustained Roberts' motion to withdraw. The matter then immediately proceeded to trial on Cary's counterclaim. The sole witness at trial was Cary. Cary testified that Debra had a 401k from a previous job. He testified that since the parties' separation, he had been paying the debt for taxes owed to the Nebraska Department of Revenue, and about $2,000 remained on that debt. He also testified that there was a potential IRS debt and he requested that Debra be ordered to pay 50 percent of that debt. There was no real estate to be divided as the parties' real property had been foreclosed upon and there was no debt associated with it. Cary requested that each party be awarded the personal property in their possession and the investment accounts in their names, that no alimony be awarded, and that the parties pay their own insurance and pay their own bills. Cary testified that he believed that his proposed property distribution was fair and reasonable under the circumstances. Cary did not testify regarding, or offer other evidence about, his retirement accounts or pension.

A decree of dissolution which had been submitted by Cary's attorney was entered by the court the following day, January 31, 2013. The court noted that the marital residence had been foreclosed upon and the parties had no other real property. Each party was ordered to keep the property and assets in his or her possession and the debts in his or her name and each party was ordered to be held solely responsible for all debts incurred after the date of the filing of the complaint. Each was ordered to be 50 percent responsible for any remaining IRS debt from the tax years 1987-2011. No alimony was ordered, and neither party was ordered to maintain or pay for the other's insurance coverage, including health or automobile coverage. The court found the division to be fair, reasonable, and not unconscionable. Neither party appealed from this order.

In a letter dated February 5, 2013, Roberts informed Debra of his withdrawal because she did not appear for trial. The letter stated that the decree was "clearly unconscionable" and he advised her to get a new lawyer immediately to try to set aside the decree. Although the letter advised her to take prompt action, Debra did not file her motion to amend or vacate until 4 months later on June 18.

In her complaint to amend or vacate the decree of dissolution, Debra asserted that she was bringing her complaint pursuant to Neb. Rev. Stat. § 25-2001(1) (Reissue 2009) and also referenced the court's inherent equity powers to modify a judgment. Debra asserted that she had no idea she needed to be present at the January 30, 2013, court date and that she had not had any contact with Roberts for 2 months prior to the trial date. She also alleged that Roberts never submitted discovery requests to Cary. Debra asserted that the parties' only substantial asset was Cary's retirement and pension from OPPD which were accumulated during the parties' marriage and that she was entitled to a portion thereof. She argued that there was no adequate remedy at

law and an unjust and inequitable result would remain if she was not awarded a portion of the retirement and pension benefits. Debra requested that the court award her 50 percent of the pension and retirement accounts or, in the alternative, vacate the decree for an equitable and fair division of the marital estate.

The hearing on the motion to amend or vacate was held on January 29, 2014. Debra called her former attorney, Roberts, as her first witness. Debra provided copies of documents indicating Roberts gave her notice of the dissolution trial. Roberts copied Debra on a letter he sent to the judge and opposing counsel dated July 23, 2012, requesting that the court set trial on a date certain because he understood Debra would have to travel from California and make travel arrangements in advance of the hearing. Also on that date, Roberts sent a letter addressed to Debra, with a copy of the notice of hearing, notifying her that because she lived in California, he had sent a letter to the court asking to have trial set for a date certain "because you don't want to come all the way from California to find out that the case before us is going and we don't get to try your case." On July 31, Roberts sent another letter to Debra, including the amended notice of hearing, stating that the trial had been rescheduled to January 4, 2013, and that "[w]e will be in touch in the next couple of months to prepare exhibits." On August 2, 2012, Roberts sent Debra a letter, including the second amended notice of hearing, stating that the trial had been re-set to January 30. Roberts also had a note in his file indicating that Debra called him on January 15, asking questions about the January 30 trial. Roberts stated that he presumed he returned Debra's call and answered her questions. Additionally, on January 15, Cary's counsel sent Roberts a settlement offer and Roberts testified that he assumed he would have talked to her after that offer. Roberts testified that he would never have told Debra not to come to the final trial. Further, although he had told her in two earlier letters that she did not need to be present for hearings on temporary issues related to the dissolution, the two letters informing her of the change in trial date did not specifically advise Debra that she needed to be present, but one referred to the fact that Debra lived in California and would need to travel to the trial.

Debra testified at the hearing on the motion to vacate that she lived in Riverside, California, with friends and was not working. Debra, who was 56 at the time of the hearing, did not graduate from high school and did not earn a GED. Prior to leaving Omaha, she worked at giftcertificates.com earning $8 or $9 per hour. Debra testified that she was never told expressly that she needed to be present for the dissolution trial and that had she known that she needed to be present for the trial, she would have been there. Debra denied being in contact with Roberts for 2 months prior to the January 30, 2014, trial date. However, she did admit talking to Roberts' staff on January 15 and admitted that she knew that the trial was coming up at the end of January.

During the marriage, Cary worked at Omaha Public Power District (OPPD), where he was an equipment operator at a nuclear power plant. In an offer of proof, Debra adduced evidence that Cary had a retirement account with a value of $49,378.09 as of January 30, 2013. After the filing of the complaint for dissolution, Cary took out loans against the retirement account in the amount of $25,000 and $16,000. The offer of proof further set forth that Hayes is a participant in a pension at OPPD and, had he retired effective the date of trial, his benefit at age 65 would be $2,113 per month. Another offer of proof set forth that Debra's only retirement

account consisted of a 401k worth $2,500 that was cashed out in 2010 prior to the date of the filing of the complaint for dissolution and the net amount received was approximately $2,000.

In an order dated February 5, 2014, the district court overruled Debra's motion to amend or vacate the decree of dissolution. The trial court found that Debra's claim that she did not realize she needed to appear for trial was not credible, that she had adequate notice of the trial, that any reasonable person in her position should have understood her need to attend, and she had no just cause for failing to appear. After finding that Debra had adequate notice of trial, the district court stated that it hesitated to address Debra's claim that the decree was unconscionable. The court noted that the assets and liabilities of the parties were not discussed in detail at trial, but at the hearing, some evidence was adduced regarding the parties' assets and liabilities. However, the amounts of several liabilities were not provided and information was not provided as to marital liabilities that may have been previously paid by either party. The court stated that it was "certainly possible that the result of a fairly contested trial would have been different had [Debra] appeared."

The court then proceeded to state that, "[i]n essence, [Debra] is claiming fraud based on [Cary's] lack of full disclosure of assets and liabilities at the time of trial" and cited Neb. Rev. Stat. § 25-2001(4)(b) (Reissue 2009) and *Nielsen v. Nielsen*, 275 Neb. 810, 749 N.W.2d 485 (2008) which held that "a party seeking to set aside a judgment after term for fraud under [§ 25-2001(4)(b)] must prove that he or she exercised due diligence at the former trial and was not at fault or negligent in the failure to secure a just decision." The court found that the aforementioned principles set forth in *Nielsen, supra*, applied to the case despite acknowledging that Debra's complaint to vacate or amend did not technically allege fraud nor was it filed out of term. The court determined that had Debra demonstrated even a modicum of diligence by appearing at trial she would not be seeking relief and she would have had her day in court with a full and fair opportunity to contest the issues presented. The court stated that due to her lack of diligence, Debra shared in fault that may exist in an unjust result and her negligence in failing to appear precluded the court from granting her relief. Debra has appealed the denial of her complaint to amend or vacate the dissolution decree.

## ASSIGNMENTS OF ERROR

Debra asserts that the district court committed plain error in allowing her counsel to withdraw and then proceeding to a default trial. She also contends that the court erred in denying her motion to vacate or amend the parties' dissolution decree because the court limited its analysis under § 25-2001 to the issue of whether Debra received proper notice of trial, erred in finding that she should have understood that she needed to personally appear at trial, and erred in failing to scrutinize the decree submitted by Cary for fairness and conscionability.

## STANDARD OF REVIEW

The decision to vacate an order any time during the term in which the judgment is rendered is within the discretion of the court; such a decision will be reversed only if it is shown that the district court abused its discretion. *Kibler v. Kibler*, 287 Neb. 1027, 845 N.W.2d 585 (2014). A much stronger showing is required to substantiate an abuse of discretion when a

- 4 -

judgment is vacated than when it is not. *Miller v. Steichen*, 268 Neb. 328, 682 N.W.2d 702 (2004).

## ANALYSIS

*Allowing Counsel to Withdraw.*

Debra's first assignment of error asserts that the district court committed plain error in allowing her counsel to withdraw and proceeding to a default trial on the dissolution complaint. In response, Cary argues that this court has no jurisdiction to consider this argument because Debra did not file a timely appeal from the dissolution decree.

Before reaching the legal issues presented for review, it is the duty of an appellate court to determine whether it has jurisdiction over the matter before it. *In re Guardianship of Forster*, 22 Neb. App. 478, 856 N.W.2d 134 (2014). The question of jurisdiction is a question of law, which an appellate court resolves independently of the trial court. *Anthony K. v. State*, 289 Neb. 523, 855 N.W.2d 802 (2014).

The evidence is undisputed that Debra failed to appear at the January 30, 2013, trial despite having notice of the trial date. The district court granted her attorney's oral motion to withdraw and denied the motion to continue the trial. The matter proceeded to trial on Cary's counterclaim, and the decree was entered on January 31.

The issue of whether Debra's counsel should have been allowed to withdraw from his representation of her arose on January 30, 2013. The court entered a dissolution decree on January 31 and, in a letter dated February 5, Roberts informed Debra of his withdrawal because she did not appear for trial. If Debra wanted to challenge the court's decision to allow Roberts to withdraw because she was not present at the trial, she could have appealed from the court's order of January 31, but she did not.

State law requires that an appeal from a final order be filed within 30 days after its entry. Neb. Rev. Stat. § 25-1912 (Reissue 2008). The dissolution decree was a final order. To vest an appellate court with jurisdiction, a party must timely file a notice of appeal. *Meister v. Meister*, 274 Neb. 705, 742 N.W.2d 746 (2007). Because Debra did not appeal from the dissolution decree, this court lacks jurisdiction to address the court's order allowing Debra's counsel to withdraw. However, because the current appeal was timely filed from the district court's order overruling Debra's motion to vacate or amend the dissolution decree, this court has jurisdiction to review the court's denial of the motion to vacate or amend.

*Denial of Motion to Vacate or Amend Dissolution Decree.*

We next address Debra's claim that in denying her motion to vacate or amend the dissolution decree, the district court erred in focusing solely on whether she received proper notice of trial, erred in finding that she should have understood that she needed to personally appear at trial, and erred in failing to make any findings on whether she presented a meritorious defense, i.e., the court's failure to scrutinize the decree submitted by Cary for fairness and conscionability.

"Generally, where a judgment has been entered by default and a prompt application has been made at the same term to set it aside, with the tender of an answer or other proof disclosing

a meritorious defense, the court should on reasonable terms sustain the motion and permit the cause to be heard on the merits." *Miller v. Steichen*, 268 Neb. 328, 334, 682 N.W.2d 702, 708 (2004).

> It is the policy of the law to give a litigant full opportunity to present his contention in court and for this purpose to give full relief against slight and technical omissions. On the other hand, it is the duty of the courts to prevent an abuse of process, unnecessary delays, and dilatory and frivolous proceedings in the administration of justice. . . . Mere mistake or miscalculation of a party or his attorneys is not sufficient, in itself, to warrant the refusal to set aside a default judgment, when there is a good defense pleaded or proved and no change of position or substantial misjustice [sic] will result from permitting a trial on the merits.

*Miller v. Steichen*, 268 Neb. at 334-35, 682 N.W.2d at 708 (citations omitted).

In the instant case, the district court considered the issue of whether Debra received proper notice and the court did not consider whether she had a meritorious defense with regard to the motion to vacate or amend the dissolution decree. The district court stated during the hearing that it first needed to determine whether Debra received proper notice before it could consider whether the decree should be vacated or amended. However, to the extent that Debra's motion to vacate or amend was timely made, the district court had the inherent authority to vacate or amend the decree.

Debra's motion to vacate or amend the January 31, 2013, default decree was filed on June 18, so it was filed within the "same term." The local rules of the district court for the Second Judicial District, applicable here, provide that the term of the court runs from January 1 to December 31 of the calendar year. See Rules of Dist. Ct. of Second Jud. Dist. 2-1. A court has inherent power to vacate or modify its own judgments at any time during the term at which those judgments are pronounced and such power exists entirely independent of any statute. *Kibler v. Kibler*, 287 Neb. 1027, 845 N.W.2d 585 (2014).

Most of the evidence presented at the hearing on the motion to vacate or amend related to the issue of notice. The trial court heard Debra and Roberts' testimony and determined that Debra was not credible as to the notice she received about the trial. When evidence is in conflict, an appellate court considers, and may give weight to, the fact that the trial judge heard and observed the witnesses and accepted one version of the facts rather than another. *Bird v. Bird*, 22 Neb. App. 334, 853 N.W.2d 16 (2014). Further, the record contained correspondence from Roberts to Debra including a letter from Roberts dated August 2, 2012, notifying Debra that her case had been re-set for January 30, which gave Debra more than 5 months' notice of the trial date. Thus, the record shows that Debra was given adequate notice of the trial and had actual notice of the trial date. Although it was preferable that Debra attend the trial, Cary had filed a counterclaim also seeking dissolution of the parties' marriage and a distribution of the marital assets and debts, and therefore, the hearing could proceed, and did proceed, on his counterclaim without Debra's presence. However, what Debra did not know was that her attorney would withdraw at the hearing and would not represent her interests; she had a reasonable expectation

of continued representation by her attorney at the trial as the record reflects no advance notice that her attorney would seek to withdraw.

However, despite the Nebraska Supreme Court's dictates in *Miller v. Steichen*, 268 Neb. 328, 682 N.W.2d 702 (2004), the district court did not consider whether Debra could present a meritorious defense in support of her motion to vacate or amend. A meritorious or substantial defense or cause has been defined as one which is worthy of judicial inquiry because it raises a question of law deserving some investigation and discussion or a real controversy as to the essential facts. *Miller v. Steichen*, 268 Neb. 328, 682 N.W.2d 702 (2004). A defendant is not required to show that he or she will ultimately prevail in the action, but only to show that he or she has a defense which is recognized by the law and is not frivolous. *Id.* At the hearing on Debra's motion to vacate or amend the decree, Debra made an offer of proof showing information about Cary's retirement and pension accounts, as well as her IRA, which information was not presented at the trial or included in any detail in the decree. This information showed at least a meritorious claim that justified the vacation of the decree. Under the unique facts of this case, particularly in light of the withdrawal of Debra's attorney at the final hearing without notice to Debra, we conclude that the district court abused its discretion in denying Debra's motion to vacate or amend the decree.

## CONCLUSION

Because the district court did not consider the critical factor of whether Debra had presented a meritorious defense with regard to the motion to vacate or amend, the court abused its discretion in overruling Debra's motion to vacate or amend. Thus, we reverse and vacate the decision of the district court denying Debra's motion to alter or amend or vacate the parties' dissolution decree and remand to the district court for a determination of whether Debra has a meritorious defense and, based upon the court's determination, a decision on Debra's motion to alter or amend the parties' dissolution decree.

REVERSED AND VACATED, AND CAUSE
REMANDED WITH DIRECTIONS.