IN THE NEBRASKA COURT OF APPEALS

**MEMORANDUM OPINION AND JUDGMENT ON APPEAL**
**(Memorandum Web Opinion)**

NICHOLSON V. LEBRON

NOTICE: THIS OPINION IS NOT DESIGNATED FOR PERMANENT PUBLICATION
AND MAY NOT BE CITED EXCEPT AS PROVIDED BY NEB. CT. R. APP. P. § 2-102(E).

LYNDA NICHOLSON, APPELLEE,

V.

RENARD LANCE LEBRON, APPELLANT.

Filed January 19, 2016.    No. A-14-1105.

Appeal from the District Court for Douglas County: GREGORY M. SCHATZ, Judge. Reversed and remanded with directions.

James Walter Crampton for appellant.

James S. Silverman for appellee.

IRWIN, PIRTLE, and RIEDMANN, Judges.

PIRTLE, Judge.

## I. INTRODUCTION

The district court for Douglas County denied Renard LeBron's motion to vacate a default judgment against him. He appeals, asserting the district court abused its discretion. We conclude that the district court erred in denying LeBron's motion to vacate the default judgment, and we therefore reverse, and remand with directions.

## II. BACKGROUND

On August 3, 2013, Lynda Nicholson filed a complaint against Renard LeBron alleging two causes of action. The first cause of action alleged Nicholson loaned LeBron money, and LeBron failed to repay the money as promised. Nicholson filed a copy of a promissory note signed by LeBron and notarized on October 3, 2012. The note provided that LeBron promised to repay Nicholson the principal owed on a Home Equity Line of Credit dated March 7, 2011,

- 1 -

which was incurred by Nicholson on LeBron's behalf, plus all interest accrued. The note provided that payment would be made in monthly installments, with the remaining principal amount paid in full by March 2016. The note also provided that if LeBron failed to make an installment or failed to comply with the terms of the note, the loan would be considered in default.

Nicholson alleged the amount past due and unpaid by LeBron was $174,078.34 as of June 24, 2013. The total included the interest the parties anticipated and agreed to in the note. Nicholson sought a judgment against LeBron for the amount unpaid, as well as late fees, attorney fees, collection costs, and pre- and post-judgment interest.

The second cause of action alleged Nicholson loaned money to LeBron from November 19, 2010, through November 23, 2011. She alleged the amount past due and unpaid by LeBron was $28,254.08 as of April 26, 2013. She sought repayment of the amount unpaid, as well as pre- and post-judgment interest related to the second cause of action.

She further alleged that she presented the claims to LeBron and demanded payment of the amounts alleged more than 90 days prior to filing the action, but he failed, refused, or neglected to pay. She also alleged she remains the owner and holder of the account/promissory notes.

Nicholson filed a motion for special process server on August 13, 2013, and one was appointed the same day. A copy of the service return was filed on September 3, 2013 certifying LeBron received a copy of the summons by personal service on August 25.

On October 2, 2013 Nicholson filed a motion and affidavit for default judgment alleging LeBron was properly served with summons but failed to appear, answer, or otherwise plead to the complaint, and was therefore in default.

On October 29, 2013 the district court entered an order of default judgment for each of the causes of action. The copy of the order sent to LeBron was marked "returned to sender" and the label indicated LeBron had moved and left no forwarding address. Nicholson filed a motion for special process server on December 16 to serve the Order in Aid of Execution. A special process server was appointed by order of the district court on the same day with instructions for personal service.

On December 27, 2013 LeBron filed a motion to vacate the default judgment. In the motion which was verified by him, under oath, he alleged a "miscommunication" with his counsel was the reason he had not filed an answer to Nicholson's complaint, and that he had a "good and meritorious defense" to Nicholson's two causes of action. Specifically, LeBron alleged he was engaged in a joint venture with Nicholson in two parcels of real estate, and the loans and promissory notes were a part of their joint venture. He alleged the parties intended to "flip" the two properties, and split the proceeds. He also alleged the renovation work was not completed but that he was owed for labor costs. He further alleged that Nicholson sold one property for below the market value it would have achieved had the work been completed. He alleged that if he were permitted to answer, he would "pray that the Plaintiff's Complaint be dismissed or alternatively for a set off of the damages for sale of the Armbrust property for less than fair market value."

LeBron's motion to vacate was heard on October 3, 2014. The district court's order noted that "Evidence was received, and the matter submitted to the Court on brief of the Plaintiff."

However, that evidence was not submitted to this court on appeal. The court found that LeBron had not submitted an answer or some other proof disclosing a meritorious defense. Thus, the court found LeBron's motion to set aside the judgment against him must be denied.

Although the court's order denying the motion to vacate was dated and signed by the judge on November 4, it was file-stamped by the clerk of the district court on November 5.

## III. ASSIGNMENTS OF ERROR

LeBron asserts the district court abused its discretion in denying his motion to vacate the default judgment against him.

## IV. STANDARD OF REVIEW

In reviewing a trial court's action in vacating or refusing to vacate a default judgment, an appellate court will uphold and affirm the trial court's action in the absence of an abuse of discretion. *Fitzgerald v. Fitzgerald,* 286 Neb. 96, 835 N.W.2d 44 (2013).

A judicial abuse of discretion exists when the reasons or rulings of a trial judge are clearly untenable, unfairly depriving a litigant of a substantial right and denying just results in matters submitted for disposition. *Id.* A much stronger showing is required to substantiate an abuse of discretion when a judgment is vacated than when it is not. *Miller v. Steichen,* 268 Neb. 328, 682 N.W.2d 702 (2004).

## V. ANALYSIS

### 1. TIMELINESS OF APPEAL

Ordinarily, in order to appeal from a judgment, decree, or final order made by the district court, the appealing party must file a notice of appeal in the district court within 30 days. *Timmerman v. Neth,* 276 Neb. 585, 755 N.W.2d 798 (2008), See Neb. Rev. Stat. § 25-1912(1) (Cum. Supp. 2014). Nicholson argues that LeBron did not timely appeal the denial of his motion to vacate default judgment, as the notice of appeal was filed on December 5, 2014, and the order of the district court was dated November 4, 2014.

For purposes of determining the time for appeal, "the date stamped on the judgment, decree, or final order shall be the date of entry." Neb. Rev. Stat. § 25-1301(3) (Cum. Supp. 2014). In this case, although the order was dated November 4, it was file-stamped on November 5; thus, LeBron's appeal was timely filed within 30 days of the entry of the order.

### 2. MOTION TO VACATE

#### (a) Notice

Nicholson filed her motion for default judgment after LeBron failed to timely file an answer or other response to the complaint. Default judgment was granted in her favor. LeBron subsequently filed a motion to vacate the judgment, which was denied. LeBron asserts the district court erred by overruling his motion to vacate the default judgment against him.

LeBron encourages this court to consider "irregularities in the notice to the Defendant." He states that on August 13, 2013, an order for substitute service was granted but no service was had upon Defendant." However, he acknowledges that the record reflects that the complaint was

personally served by the appointed special process server, and expresses his opinion that "this error is harmless." LeBron did not raise any issues regarding notice before the district court, therefore we decline to address whether proper notice was given. See *Gebhardt v. Gebhardt,* 16 Neb. App. 565, 746 N.W.2d 707 (2008) (an issue not properly presented to and passed upon by the trial court may not be raised on appeal).

### (b) Meritorious Defense

LeBron asserts that his motion to vacate default judgment, filed December 27, 2013, raised a meritorious defense by alleging that he and Nicholson were part of two joint ventures.

Generally, where a judgment has been entered by default and a prompt application has been made at the same term to set it aside, with tender of an answer or other proof disclosing a meritorious defense, the court should on reasonable terms sustain the motion and permit the cause to be heard on the merits. *Miller v. Steichen,* supra. When determining whether to set aside a default judgment, two competing interests must be considered: the right of a litigant to defend the action on the merits and judicial efficiency. *Carrel v. Serco Inc.,* 291 Neb. 61, 864 N.W.2d 236 (2015). The Nebraska Supreme Court has stated:

> It is the policy of the law to give a litigant full opportunity to present his contention in court and for this purpose to give full relief against slight and technical omissions. On the other hand, it is the duty of the courts to prevent an abuse of process, unnecessarily delays, and dilatory and frivolous proceedings in the administration of justice. . . . Mere mistake or miscalculation of a party or his attorney is not sufficient, in itself, to warrant the refusal to set aside a default judgment, when there is a good defense pleaded or proved and no change of position or substantial misjustice [sic] will result from permitting a trial on the merits.

*Id.,* citing *Miller v. Steichen, supra,* at 334-335, 682 N.W.2d 707-708 (citations omitted).

The record discloses that LeBron acted promptly after he became aware of the default judgment. LeBron's motion to vacate the orders of default judgement filed on October 29, 2013 was filed on December 27, so it was filed within the "same term" as described in *Miller* above. The local rules of the district court for the Fourth Judicial District, applicable here, provide that the term of court runs from January 1 to December 31 of the calendar year. See Rules of Dist. Ct. of Fourth Jud. Dist. 4-1. A court has inherent power to vacate or modify its own judgments at any time during the term at which these judgments are pronounced, and such power exists entirely independent of any statute. *Kibler v. Kibler,* 287 Neb. 1027, 845 N.W.2d 585 (2014).

Accordingly, the district court had the inherent power to vacate or modify the October default orders through December 31, 2013. Although LeBron filed his motion to vacate within that term, no order was entered until after the term. However, this does not change the court's inherent power to vacate based upon the extension of time granted in Neb. Rev. Stat. § 25-2001(1) (Reissue 2008):

> The inherent power of the district court to vacate or modify its judgments or orders during term may also be exercised after the end of the term, upon the same grounds, upon a motion filed within six months after the entry of the judgment or order.

LeBron's timely motion preserved the district court's ability to exercise its inherent power to vacate or modify the October 29 default orders. We now consider whether LeBron tendered an answer or other sufficient proof disclosing a meritorious defense, which would permit the court to sustain his motion to vacate and allow the cause to be heard on the merits.

The Nebraska Supreme Court has stated that if a transcript shows that a defendant has a meritorious defense, an answer is "not an absolute requirement." *Urwin v. Dickerson,* 185 Neb. 86, 173 N.W.2d 874 (1970). In the context of a motion to vacate a default judgment, a meritorious or substantial defense or cause means one which is worthy of judicial inquiry because it raises a question of law deserving some investigation and discussion or a real controversy as to the essential facts. *Miller v. Steichen*, supra.

Although a defendant seeking to vacate a default judgment is required to present a meritorious defense, it is not required that the defendant show he will ultimately prevail in the action, but only that the defendant show that he has a defense which is recognized by the law and is not frivolous. *Id.* See also *Steinberg v. Stahlnecker,* 200 Neb. 466, 263 N.W.2d 861 (1978).

In *Steinberg v. Stahlnecker*, *supra*., the Nebraska Supreme Court found a statement in an affidavit in support of a motion to set aside a default judgment that "the Defendant possesses a good and sufficient defense to the claim and suit of the plaintiff" was nothing more than a cursory statement by the defendant's attorney. The court in *Steinberg v. Stahlnecker* held its inquiry was limited to whether the trial judge abused its discretion in refusing to set aside the default judgment, and the statement was not sufficient to disclose a meritorious defense.

Although LeBron did not specifically file an "answer," this does not necessarily defeat his motion to vacate the default judgment. LeBron's verified motion to vacate specifically alleged that if LeBron was permitted to answer he would deny the allegations in paragraphs 2 through 5 of the complaint. He also stated that he would affirmatively allege that the promise to pay was made as part of two joint ventures of the parties. He alleged that he and Nicholson were parties to an agreement to "flip" or renovate two jointly owned properties. He stated that the agreement was not reduced to writing, but it was agreed that LeBron would provide the labor and knowledge to improve the properties, and that Nicholson would provide the materials. He alleged the parties agreed to equally divide the proceeds of the Armbrust property after each party was paid for their expenses. He further alleged that he had paid sums for labor of approximately $50,000, and had also provided some of the labor himself. He alleged the renovations were not completed, and the property was sold by Nicholson for $150,000 below market value, and $200,000 below the market value it would have attained if the renovations had been completed. LeBron's motion was verified by him and contained a notarized statement certifying that he had read the motion, knew the contents, and that the statements it contained were true.

LeBron did not provide exhibits or other "proof" of the agreement, but his motion was sworn and contained statements that raise a real controversy as to the essential facts in this case. LeBron's statements were more than a cursory statement that he had a meritorious defense to Nicholson's complaint. Thus, we find the district court abused its discretion in denying the motion to vacate.

## VI. CONCLUSION

For the reasons set forth herein, we reverse the judgment of the district court and remand the cause with directions to the district court to (1) vacate the default judgments entered against LeBron on October 29, 2013, and (2) give LeBron a reasonable time in which to file an appropriate responsive pleading.

REVERSED AND REMANDED WITH DIRECTIONS.