Nebraska Supreme Court Online Library
www.nebraska.gov/apps-courts-epub/
06/22/2018 08:15 AM CDT

- 333 -

Nebraska Supreme Court Advance Sheets
300 Nebraska Reports
APPLIED UNDERWRITERS v. OCEANSIDE LAUNDRY
Cite as 300 Neb. 333

Applied Underwriters Captive Risk Assurance
Company, Inc., an Iowa corporation, appellee,
v. Oceanside Laundry, LLC, doing business
as Campus Laundry, appellant.

___ N.W.2d ___

Filed June 22, 2018.    No. S-17-576.

1. **Motions to Vacate: Appeal and Error.** The decision to vacate an order is within the discretion of the court; such a decision will be reversed only if it is shown that the district court abused its discretion.
2. **Judges: Words and Phrases.** A judicial abuse of discretion exists when the reasons or rulings of a trial judge are clearly untenable, unfairly depriving a litigant of a substantial right and denying just results in matters submitted for disposition.
3. **Service of Process: Waiver.** A general appearance waives any defects in the process or notice, the steps preliminary to its issuance, or in the service or return thereof.
4. **Jurisdiction: Pleadings: Parties.** A party will be deemed to have appeared generally if, by motion or other form of application to the court, he or she seeks to bring its powers into action on any matter other than the question of jurisdiction over that party.
5. **Default Judgments.** When determining whether to set aside a default judgment, two competing interests must be considered: the right of a litigant to defend the action on the merits and judicial efficiency.
6. **Default Judgments: Proof: Time.** Where a judgment has been entered by default and a prompt application has been made at the same term to set it aside, with the tender of an answer or other proof disclosing a meritorious defense, the court should on reasonable terms sustain the motion and permit the cause to be heard on the merits.
7. **Default Judgments: Motions to Vacate: Words and Phrases.** In the context of a motion to vacate a default judgment, a meritorious or substantial defense or cause means one which is worthy of judicial inquiry

- 334 -

Nebraska Supreme Court Advance Sheets
300 Nebraska Reports
APPLIED UNDERWRITERS v. OCEANSIDE LAUNDRY
Cite as 300 Neb. 333

because it raises a question of law deserving some investigation and discussion or a real controversy as to the essential facts.

8. **Default Judgments: Motions to Vacate.** Although a defendant seeking to vacate a default judgment is required to present a meritorious defense, it is not required that the defendant show he will ultimately prevail in the action, but only that the defendant show that he has a defense which is recognized by the law and is not frivolous.

Appeal from the District Court for Douglas County: J. Michael Coffey, Judge. Reversed and remanded with directions.

Kristopher J. Covi, of McGrath, North, Mullin & Kratz, P.C., L.L.O., for appellant.

Jeffrey A. Silver for appellee.

Heavican, C.J., Miller-Lerman, Cassel, Stacy, and Funke, JJ., and Vaughan, District Judge.

Vaughan, District Judge.

## INTRODUCTION

This appeal involves a default judgment against Oceanside Laundry, LLC, doing business as Campus Laundry (Oceanside). Applied Underwriters Captive Risk Assurance Company, Inc. (AUCRA), filed a breach of contract action against Oceanside. When Oceanside did not file a responsive pleading, the district court for Douglas County granted AUCRA's motion for default judgment. The district court subsequently denied Oceanside's motion for reconsideration or, in the alternative, to set aside the default judgment on the basis of several defenses. Oceanside now appeals the district court's orders. Because we conclude that Oceanside made prompt application to set aside the default judgment and demonstrated at least one meritorious defense in support of its motion, we reverse, and remand with directions to vacate the default judgment and allow Oceanside a reasonable time in which to file an appropriate responsive pleading.

- 335 -

Nebraska Supreme Court Advance Sheets
300 Nebraska Reports
APPLIED UNDERWRITERS v. OCEANSIDE LAUNDRY
Cite as 300 Neb. 333

## BACKGROUND

Oceanside, a California-based limited liability company doing business as Campus Laundry, entered a reinsurance participation agreement (RPA) with AUCRA, an Iowa corporation with its principal place of business in Douglas County, Nebraska. On December 12, 2016, AUCRA brought a breach of contract action against Oceanside in the district court for Douglas County.

Initially, AUCRA unsuccessfully attempted to serve process on Oceanside via certified mail, using a California address for Campus Laundry. AUCRA next filed a praecipe that requested personal service at the same address by an authorized process server in California. According to the proof of service, on January 25, 2017, a civil process server personally served "'John Doe' (Caucasian male, 30's, 5′9″, 200 lbs., Brown eyes, Brown hair) Person in Charge."

Oceanside did not file a responsive pleading.

On March 23, 2017, AUCRA filed a motion for default judgment and sent notice of the hearing to the same address it used to serve Oceanside the summons.

At the hearing on the motion for default judgment, counsel for Oceanside made an appearance and opposed the motion, alleging improper service of process. The district court received Oceanside's affidavit evidence that AUCRA did not serve a summons on any person authorized by the company to receive service of process on its behalf.

In support of AUCRA's motion for default judgment, it offered an exhibit consisting of a copy of the RPA, a series of statements for Oceanside's account with AUCRA, and an affidavit designating the most recent balance as the amount due and owing. The RPA provides that it shall be governed exclusively by the laws of Nebraska and that any matter shall be resolved exclusively by the courts of Nebraska. Additionally, the RPA states that AUCRA may apply to a court of competent jurisdiction for relief in the event of breach.

- 336 -

NEBRASKA SUPREME COURT ADVANCE SHEETS
300 NEBRASKA REPORTS
APPLIED UNDERWRITERS v. OCEANSIDE LAUNDRY
Cite as 300 Neb. 333

Oceanside's counsel objected to AUCRA's exhibit on relevance grounds and argued that the balance cited by AUCRA as the amount due and owing may not be accurate because the balances fluctuate over time. The district court received AUCRA's exhibit over Oceanside's objection. Oceanside's counsel then reiterated the position that the district court should overrule the motion for default judgment based on insufficient service.

On May 4, 2017, the district court found that Oceanside was duly served pursuant to Neb. Rev. Stat. §§ 25-540 and 25-513.01 (Reissue 2016) and failed to file a responsive pleading. Accordingly, the district court entered a default judgment against Oceanside for moneys owed under the contract.

On May 22, 2017, Oceanside filed a motion to reconsider or, in the alternative, to set aside the default judgment and allow Oceanside to file a responsive pleading. In support of the motion to set aside, Oceanside alleged as defenses lack of personal jurisdiction and improper venue. Oceanside also challenged the amount due and owing, asserting that such amount was unliquidated and based on terms found to be illegal and void by another court of law.

At a hearing on Oceanside's motions, Oceanside focused on the motion to set aside the default judgment. The district court received the affidavit of the chief executive officer of Oceanside, doing business as Campus Laundry. He stated that Campus Laundry had no connections to the State of Nebraska. Instead, he stated that the RPA was purchased through a California broker; that the RPA provided coverage for employees in California; that all payments were drawn from Campus Laundry's accounts in California; that all witnesses, documents, and other sources of proof were located in California; and that the same dispute was being litigated in California. Additionally, Oceanside presented the analysis and order of the California Department of Insurance determining that the RPA violates the California Insurance Code and the California Code of Regulations and is void and unenforceable. In arguing

- 337 -

Nebraska Supreme Court Advance Sheets
300 Nebraska Reports
APPLIED UNDERWRITERS v. OCEANSIDE LAUNDRY
Cite as 300 Neb. 333

against Oceanside's motion to set aside, AUCRA's counsel pointed out that Oceanside had not offered any reason why it failed to provide a responsive pleading to the complaint. Oceanside's counsel responded that Oceanside did not file a responsive pleading because it did not want to waive the right to challenge service of process.

On May 30, 2017, the district court overruled Oceanside's motion to reconsider or, in the alternative, to set aside the default judgment, without explanation.

On June 2, 2017, Oceanside filed its notice to appeal the district court's May 4 and 30 orders.

## ASSIGNMENTS OF ERROR

Oceanside assigns, rephrased, that the district court erred in (1) granting AUCRA's motion for default judgment against Oceanside and (2) denying Oceanside's motion to set aside the default judgment after Oceanside showed meritorious defenses.

## STANDARD OF REVIEW

[1,2] The decision to vacate an order is within the discretion of the court; such a decision will be reversed only if it is shown that the district court abused its discretion.[1] A judicial abuse of discretion exists when the reasons or rulings of a trial judge are clearly untenable, unfairly depriving a litigant of a substantial right and denying just results in matters submitted for disposition.[2]

## ANALYSIS

On appeal, Oceanside disputes both the default judgment and the district court's denial of Oceanside's motion to set aside such default judgment. For the reasons stated below, we

---

[1] *Miller v. Steichen*, 268 Neb. 328, 682 N.W.2d 702 (2004). See *Carrel v. Serco Inc.*, 291 Neb. 61, 864 N.W.2d 236 (2015).

[2] *Hartley v. Metropolitan Util. Dist.*, 294 Neb. 870, 885 N.W.2d 675 (2016).

determine that the district court abused its discretion in denying Oceanside's motion to set aside. Because we conclude that the default judgment should be set aside, we need not consider whether the district court correctly entered the default judgment in the first place.[3]

We begin our analysis of the motion to set aside by noting, as asserted by Oceanside, that the record in this case raises questions about the validity of service of process and personal jurisdiction. While we do not reach the issue of service of process, we conclude that Oceanside has not waived every objection to personal jurisdiction.

[3,4] Under Neb. Rev. Stat. § 25-516.01(1) (Reissue 2016), the voluntary appearance of a party is the equivalent of service of process. Section 25-516.01(2) goes on to state that participation in the proceedings on any issue other than the defenses of lack of jurisdiction over the person, insufficiency of process, or insufficiency of services of process, waives all such issues except as to the objection that the party is not amenable to process issued by a court of this state.[4] Thus, a general appearance waives any defects in the process or notice, the steps preliminary to its issuance, or in the service or return thereof.[5] A party will be deemed to have appeared generally if, by motion or other form of application to the court, he or she seeks to bring its powers into action on any matter other than the question of jurisdiction over that party.[6]

Here, counsel for Oceanside appeared at the hearing on the motion for default judgment and opposed it, alleging

---

[3] See *Doty v. West Gate Bank*, 292 Neb. 787, 874 N.W.2d 839 (2016) (appellate court is not obligated to engage in analysis that is not necessary to adjudicate case and controversy before it).

[4] See *Burns v. Burns*, 293 Neb. 633, 879 N.W.2d 375 (2016). See, also, *Friedman v. Friedman*, 290 Neb. 973, 863 N.W.2d 153 (2015).

[5] *Burns v. Burns, supra* note 4. See, also, *Friedman v. Friedman, supra* note 4.

[6] *Burns v. Burns, supra* note 4.

improper service of process. In objecting to evidence offered by AUCRA, Oceanside's counsel contested the balance cited by AUCRA as the amount due and owing. Oceanside's departure from the issue of service of process resulted in a general appearance, and Oceanside has therefore waived that issue.[7]

However, we reach a different conclusion concerning personal jurisdiction. As noted above, § 25-516.01(2) provides, among other things, that participation in the proceedings on any issue other than the defense of lack of jurisdiction over the person waives that defense, "except the objection that the party is not amenable to process issued by a court of this state." Consequently, a party may waive objections to personal jurisdiction based on defective service of process while retaining objections to personal jurisdiction based on amenability to service of process by a court of this state.[8]

Oceanside's motion to set aside as well as evidence at the resulting hearing alleged that the district court lacked personal jurisdiction because Oceanside has no business ties to the State of Nebraska, and Oceanside's appellate brief contains similar contentions. Oceanside, therefore, has argued that it is not amenable to process issued by a court of this state. For purposes of personal jurisdiction, the voluntary appearance of a party is the equivalent of service of process.[9] Thus, through its general appearance at the hearing on the motion for default judgment, Oceanside subjected itself to the jurisdiction of the district court.[10] But Oceanside's general appearance did not waive the issue of personal jurisdiction insofar as it relates to Oceanside's amenability to process issued by a Nebraska court.[11]

---

[7] See *Friedman v. Friedman, supra* note 4 (party who contested service of process and amount of garnishment entered general appearance).

[8] See *In re Petition of SID No. 1*, 270 Neb. 856, 708 N.W.2d 809 (2006). See, also, § 25-516.01(2).

[9] § 25-516.01(1); *Burns v. Burns, supra* note 4.

[10] See *id.* See, also, *Miller v. Steichen, supra* note 1.

[11] See *Burns v. Burns, supra* note 4.

Having determined that Oceanside prospectively subjected itself to the jurisdiction of the district court, our analysis shifts to whether the district court erred in not setting aside the default judgment on one of two alternate grounds: (1) that Oceanside had demonstrated the existence of a meritorious defense or (2) that the default judgment was void when it was entered, because Oceanside was not amenable to process issued by a court of this state and the district court therefore lacked personal jurisdiction.[12]

[5,6] When determining whether to set aside a default judgment, two competing interests must be considered: the right of a litigant to defend the action on the merits and judicial efficiency.[13]

> Where a judgment has been entered by default and a prompt application has been made at the same term to set it aside, with the tender of an answer or other proof disclosing a meritorious defense, the court should on reasonable terms sustain the motion and permit the cause to be heard on the merits.[14]

This court has also recognized that while it is the policy of the law to give a litigant an opportunity to present his contention in court and to give relief against slight and technical omissions, it is the duty of the courts to prevent an abuse of process, unnecessary delays, and dilatory and frivolous proceedings in the administration of justice.[15]

At the hearing on AUCRA's motion for default judgment, Oceanside's counsel explained that no responsive pleading had been filed on behalf of Oceanside to avoid waiving the issue of improper service of process. The record shows that Oceanside

---

[12] See *Miller v. Steichen, supra* note 1.

[13] *Carrel v. Serco Inc., supra* note 1.

[14] *Steinberg v. Stahlnecker*, 200 Neb. 466, 467, 263 N.W.2d 861, 862 (1978). See, also, *Miller v. Steichen, supra* note 1.

[15] *Miller v. Steichen, supra* note 1; *Steinberg v. Stahlnecker, supra* note 14.

next made a prompt application to set aside the default judgment that followed. Under Neb. Rev. Stat. § 25-2001(1) (Reissue 2016), the district court has the inherent power to vacate or modify its judgments or orders during term. The district court for Douglas County has a term coextensive with the calendar year.[16] The district court entered the default judgment on May 4, 2017. On May 22, Oceanside filed its motion to reconsider or, in the alternative, to set aside the default judgment and allow Oceanside to file a responsive pleading. Thus, Oceanside invoked the district court's inherent power to vacate the default judgment by filing its motion to set it aside within term.

AUCRA argues that Oceanside's motion to set aside the default judgment was effectively a motion to alter or amend that was untimely filed more than 10 days after the entry of judgment. While it is true that a motion to alter or amend must be filed no later than 10 days after the entry of judgment,[17] this argument is misplaced. We have explained that a motion for reconsideration is nothing more than an invitation to the court to consider exercising its inherent power to vacate or modify its own judgment.[18] In some contexts, a motion for reconsideration may also be treated as a motion to alter or amend a judgment *for purposes of terminating the 30-day appeal period*.[19] The rule upon which AUCRA relies pertains to terminating the appeal period, but timeliness of the appeal is not at issue in this case.

[7,8] Given that Oceanside has made a prompt application to set aside the default judgment, we turn to whether it tendered proof disclosing a meritorious defense. In the context

---

[16] See Rules of Dist. Ct. of Fourth Jud. Dist. 4-1(C) (rev. 1995).

[17] See Neb. Rev. Stat. § 25-1329 (Reissue 2016).

[18] *County of Douglas v. Nebraska Tax Equal. & Rev. Comm.*, 296 Neb. 501, 894 N.W.2d 308 (2017).

[19] *Id.* See, also, Neb. Rev. Stat. § 25-1912(3) (Reissue 2016); *State v. Bellamy*, 264 Neb. 784, 652 N.W.2d 86 (2002).

of a motion to vacate a default judgment, a meritorious or substantial defense or cause means one which is worthy of judicial inquiry because it raises a question of law deserving some investigation and discussion or a real controversy as to the essential facts.[20] Although a defendant seeking to vacate a default judgment is required to present a meritorious defense, it is not required that the defendant show he will ultimately prevail in the action, but only that the defendant show that he has a defense which is recognized by the law and is not frivolous.[21] We note that such meritorious defense need not be tendered exclusively as a proposed answer, as AUCRA asserts, but may also be in the form of "other proof."[22]

In its motion to set aside the default judgment, Oceanside alleged, in part, that AUCRA's claim for amounts owed was based on the terms of the RPA, which had been deemed illegal and void by the commissioner of the California Department of Insurance. At the hearing on Oceanside's motion, Oceanside presented evidence that it lacked ties to the State of Nebraska but had significant ties to the State of California. Oceanside further presented evidence that the California Department of Insurance had determined that the RPA violates the California Insurance Code and the California Code of Regulations and is void and unenforceable. Taken as a whole, this evidence begs the question whether the RPA is void for the purposes of this litigation. And resolving the issue requires further judicial inquiry. Accordingly, we conclude that Oceanside tendered proof disclosing a meritorious defense.

In light of the meritorious defense promptly alleged by Oceanside, we conclude that allowing the default judgment to stand would unfairly deprive Oceanside of a substantial right

---

[20] *Miller v. Steichen, supra* note 1; *Carrel v. Serco Inc., supra* note 1.

[21] *Id.*

[22] *Steinberg v. Stahlnecker, supra* note 14, 200 Neb. at 467, 263 N.W.2d at 862. See, also, *Miller v. Steichen, supra* note 1.

and produce an unjust result. Therefore, we determine that the district court abused its discretion in denying Oceanside's motion to vacate the default judgment.

While we conclude that Oceanside made a showing sufficient to warrant setting aside the default judgment in order to resolve the parties' dispute on the merits, we express no opinion as to whether Oceanside will ultimately prevail. We further note that while we have resolved this appeal based on a single meritorious defense, such defense is but one in an array of defenses available to Oceanside on remand, as is a lack of personal jurisdiction based on Oceanside's amenability to service by a court of this state.

## CONCLUSION

For the foregoing reasons, we conclude that the district court erred in overruling Oceanside's motion to vacate the default judgment, and we reverse, and remand with directions to the district court to (1) vacate the default judgment entered against Oceanside on May 4, 2017, and (2) give Oceanside a reasonable time in which to file an appropriate responsive pleading.

REVERSED AND REMANDED WITH DIRECTIONS.

PAPIK, J., not participating.