Benjamin Carrel, appellee, v. Serco Inc.,
a New Jersey corporation, appellant,
and Devin Witt, individually and as
an employee of Serco Inc., a New
Jersey corporation, appellee.

___ N.W.2d ___

Filed June 12, 2015.    No. S-14-377.

1. **Default Judgments: Motions to Vacate: Appeal and Error.** In review-
   ing a trial court's action in vacating or refusing to vacate a default judg-
   ment, an appellate court will uphold and affirm the trial court's action in
   the absence of an abuse of discretion. On appeal, a much stronger show-
   ing is required to substantiate an abuse of discretion when the judgment
   is vacated than when it is not.
2. **Judges: Words and Phrases.** A judicial abuse of discretion exists when
   the reasons or rulings of a trial judge are clearly untenable, unfairly
   depriving a litigant of a substantial right and denying just results in mat-
   ters submitted for disposition.
3. **Default Judgments: Proof: Time.** Generally, when the court has entered
   a default judgment and the defendant has made a prompt application at
   the same term to set it aside, with the tender of an answer or other proof
   disclosing a meritorious defense, the court should on reasonable terms
   sustain the motion and permit the cause to be heard on the merits.
4. **Default Judgments.** When determining whether to set aside a default
   judgment, two competing interests must be considered: the right of a
   litigant to defend the action on the merits and judicial efficiency.
5. **Default Judgments: Motions to Vacate: Words and Phrases.** In the
   context of a motion to vacate a default judgment, a meritorious defense
   is one which is worthy of judicial inquiry because it raises a question of
   law deserving some investigation and discussion or a real controversy as
   to the essential facts.
6. **Default Judgments: Motions to Vacate.** Although a defendant seek-
   ing to vacate a default judgment is required to present a meritorious

defense, it is not required that the defendant show he will ultimately prevail in the action, but only that the defendant show that he has a defense which is recognized by the law and is not frivolous.

7. **Default Judgments: Motions to Vacate: Proof.** Regarding a refusal to set aside a default judgment, an abuse of discretion may exist where the defaulted party tenders an answer or other proof disclosing a meritorious defense to the action which is the subject of the default.

Appeal from the District Court for Gage County: Paul W. Korslund, Judge. Reversed and remanded with directions.

Thomas J. Culhane and Matthew B. Reilly, of Erickson & Sederstrom, P.C., L.L.O., for appellant.

Lyle J. Koenig, of Koenig Law Firm, for appellee Benjamin Carrel.

Heavican, C.J., Wright, Connolly, Stephan, Miller-Lerman, and Cassel, JJ.

Stephan, J.

Benjamin Carrel filed a personal injury action against Serco Inc., a New Jersey corporation, and Devin Witt. When Serco did not respond to service of summons, a show cause order, or notice of Carrel's motion for a default judgment, the district court for Gage County sustained the motion and entered a default judgment against the company. Within the 6 months following its entry, Serco moved to vacate the default judgment. The district court denied the motion, and Serco appeals from that order. We conclude that the district court erred in denying Serco's motion to vacate the default judgment, and we therefore reverse, and remand with directions.

## BACKGROUND

The underlying incident occurred in August 2008. Witt allegedly drove a Chevrolet pickup truck over Carrel's foot in a parking lot outside a bar in Beatrice, Nebraska. The truck was registered to "Serco Inc at 1430 North Main in Borger, TX 79007."

The attorney who was then representing Carrel sent a letter to Serco at a Reston, Virginia, address on February 18, 2010, advising the company of the incident and asserting a claim for damages. Serco's corporate claims manager responded to the letter the next day, informing Carrel that it had never employed Witt and had "no knowledge of any Serco owned vehicles" located in Nebraska.

Represented by the same attorney, Carrel commenced this action against Serco and Witt on May 21, 2012, alleging that Serco, as Witt's employer, was vicariously liable for his actions. Serco's agent in Nebraska received service of summons on August 7. Because Serco had not filed a responsive pleading, an order to show cause was entered on June 27, 2013. Serco did not respond. On July 23, Carrel filed a motion for default judgment. A hearing on the motion was set for August 12. The court ordered Carrel to file an affidavit in support of his motion for default judgment and scheduled the matter for further hearing on September 30. Notice was sent to Serco's registered agent.

Serco did not appear at the hearing. The district court entered default judgment on October 7, 2013, in the amount of $210,216.36, reflecting the lost wages and medical expenses claimed by Carrel. The court also awarded postjudgment interest at the rate of 2.086 percent per year.

On March 11, 2014, Carrel initiated garnishment proceedings on Serco's account at a Pennsylvania bank. The writ of execution was served on the bank on March 14. Serco's general counsel first learned of the default judgment that March. On April 1, Serco filed its motion to vacate the judgment. This was 5 months 25 days after the entry of default judgment. In support of its motion, Serco tendered an answer and affidavits stating that Serco did not employ Witt or own the vehicle he was driving, and therefore was not the appropriate defendant in this action. Serco also filed a motion to enjoin the garnishment proceedings. Following a hearing, the district court granted a temporary restraining order suspending the

garnishment proceedings until the court ruled on the motion to vacate.

At the subsequent hearing on the motion to vacate, Serco presented evidence showing that there is a Borger, Texas, corporation named "Service Engineering Repair Company, Inc." which uses the acronym "SERCO." Serco's evidence further established that it has never been affiliated in any manner with the Texas corporation. Serco also presented evidence establishing that when the summons was served on its Nebraska registered agent, it was sent to Serco's offices in Reston, Virginia, and forwarded to its risk management department. However, employees in the risk management department did not take any further action, because they "mistakenly believed no action was necessary because the claims did not involve a Serco employee and did not tender it to Serco's insurance carrier for its defense as [they] should have." Further, when notice of the default judgment was received by Serco, a "newly employed paralegal . . . did not appreciate the significance of the notice," resulting in Serco's failure to make a timely opposition to the motion.

The district court determined that Serco's neglect was "severe" and thus denied the motion to vacate default judgment. The district court found that Serco moved to vacate the judgment within 6 months of the order and presented a meritorious defense. However, the court found the inquiry did not end there, and then it examined the reasons why Serco failed to respond. Ultimately, the court concluded that the filing was not prompt and that Serco's purported explanations and blame shifting to Carrel for filing against the wrong defendant rang "hollow."

Serco filed a timely appeal. We moved this case to our docket pursuant to our statutory authority to regulate the caseloads of the appellate courts of this state.[1]

---

[1] Neb. Rev. Stat. § 24-1106(3) (Reissue 2008).

## ASSIGNMENTS OF ERROR

Serco assigns, consolidated, that the district court erred in (1) denying Serco's motion to vacate default judgment on the basis of Serco's neglect, (2) failing to consider the issue of "'gross laches,'" and (3) finding Serco did not act promptly in moving to vacate the default judgment, and that the court abused its discretion in refusing to vacate the default judgment.

## STANDARD OF REVIEW

[1] In reviewing a trial court's action in vacating or refusing to vacate a default judgment, an appellate court will uphold and affirm the trial court's action in the absence of an abuse of discretion.[2] On appeal, a much stronger showing is required to substantiate an abuse of discretion when the judgment is vacated than when it is not.[3]

[2] A judicial abuse of discretion exists when the reasons or rulings of a trial judge are clearly untenable, unfairly depriving a litigant of a substantial right and denying just results in matters submitted for disposition.[4]

## ANALYSIS

We begin our analysis with Neb. Rev. Stat. § 25-2001(1) (Reissue 2008), which provides: "The inherent power of a district court to vacate or modify its judgments or orders during term may also be exercised after the end of the term, upon the same grounds, upon a motion filed within six months after the entry of the judgment or order." Here, default judgment was entered on October 7, 2013, and the motion to vacate was filed on April 1, 2014. Because the motion was filed after term but less than 6 months after the default judgment was entered,

---

[2] *Fitzgerald v. Fitzgerald*, 286 Neb. 96, 835 N.W.2d 44 (2013); *First Nat. Bank of York v. Critel*, 251 Neb. 128, 555 N.W.2d 773 (1996).

[3] *Beliveau v. Goodrich*, 185 Neb. 98, 173 N.W.2d 877 (1970).

[4] *Turbines Ltd. v. Transupport, Inc.*, 285 Neb. 129, 825 N.W.2d 767 (2013); *Prime Home Care v. Pathways to Compassion*, 283 Neb. 77, 809 N.W.2d 751 (2012).

§ 25-2001(1) applies and the district court had discretionary statutory authority to vacate the default judgment on the same grounds as if it had been within term.

[3,4] Generally, when the court has entered a default judgment and the defendant has made a prompt application at the same term to set it aside, with the tender of an answer or other proof disclosing a meritorious defense, the court should on reasonable terms sustain the motion and permit the cause to be heard on the merits.[5] When determining whether to set aside a default judgment, two competing interests must be considered: the right of a litigant to defend the action on the merits and judicial efficiency.[6] The law favors allowing a defendant to present a defense to the court. We have stated:

"'It is the policy of the law to give a litigant full opportunity to present his contention in court and for this purpose to give full relief against slight and technical omissions. On the other hand, it is the duty of the courts to prevent an abuse of process, unnecessary delays, and dilatory and frivolous proceedings in the administration of justice. . . . *Mere mistake or miscalculation of a party or his attorneys is not sufficient, in itself, to warrant the refusal to set aside a default judgment, where there is a good defense pleaded or proved and no change of position or substantial misjustice [sic] will result from permitting a trial on the merits.*'"[7]

The record discloses that Serco acted promptly when its general counsel became aware of the default judgment. He stated in his affidavit: "After learning of the default judgment in March 2014, I took immediate action to retain counsel to

[5] *State on behalf of A.E. v. Buckhalter*, 273 Neb. 443, 730 N.W.2d 340 (2007); *Beliveau v. Goodrich, supra* note 3.

[6] See 49 C.J.S. *Judgments* § 605 (2009). See, generally, *Miller v. Steichen*, 268 Neb. 328, 682 N.W.2d 702 (2004).

[7] *Miller v. Steichen, supra* note 6 at 335, 682 N.W.2d at 708 (emphasis in original), quoting *DeVries v. Rix*, 203 Neb. 392, 279 N.W.2d 89 (1979) (quoting *Beliveau v. Goodrich, supra* note 3).

appear in the action and defend Serco's interests." Although lower level employees were aware of the action earlier, they misunderstood its significance and the necessity to respond. The writ of execution was served on March 14, 2014, and Serco filed its motion to vacate the default judgment on April 1.

[5-7] And, as the district court concluded, Serco has demonstrated that it has a meritorious defense to Carrel's claim. In this context, a meritorious defense is one which is worthy of judicial inquiry because it raises a question of law deserving some investigation and discussion or a real controversy as to the essential facts.[8] Although a defendant seeking to vacate a default judgment is required to present a meritorious defense, it is not required that the defendant show he will ultimately prevail in the action, but only that the defendant show that he has a defense which is recognized by the law and is not frivolous.[9] We have also said that regarding a refusal to set aside a default judgment, an abuse of discretion may exist where the defaulted party tenders an answer or other proof disclosing a meritorious defense to the action which is the subject of the default.[10]

In *Miller v. Steichen*,[11] we determined that an insurance company against which a default judgment had been entered in a garnishment proceeding demonstrated a meritorious defense by asserting that the professional liability policy it issued to the defendant in a professional liability case excluded coverage for the acts or omissions upon which formed the basis of the claim against the insured. Without determining whether the claims were covered by the policy or not, we determined that this defense was a question of law worthy of consideration and that thus, the default judgment should have been vacated.

---

[8] *Miller v. Steichen, supra* note 6.

[9] *Id.*

[10] *Fredericks v. Western Livestock Auction Co.*, 225 Neb. 211, 403 N.W.2d 377 (1987).

[11] *Miller v. Steichen, supra* note 6.

Here, Serco alleged in its tendered answer that it had never employed Witt and was not the owner of the vehicle operated by him at the time of Carrel's injury. At the hearing on its motion to vacate the default judgment, Serco produced evidence in support of these allegations. Carrel's appellate counsel acknowledged during oral argument that Carrel's previous counsel apparently sued the wrong defendant. It is difficult to conceive of a more meritorious defense than Serco's substantiated and uncontested claim that it was a complete stranger to the incident upon which Carrel's claim is based.

The critical question, then, is whether any negligence on the part of Serco in responding to the suit is inexcusable. It is evident from the record that Serco's employees made mistakes in their handling of the service of summons and the notice of default. Their conduct is similar to that at issue in *Barney v. Platte Valley Public Power and Irrigation District*.[12] In that case, the president of the board of directors of a power and irrigation district was served with a summons but did not report that fact to the district's general manager or legal counsel, because he was of the mistaken belief that they were aware of the suit. Another employee of the district was also aware of the suit but likewise did not advise the general manager or legal counsel, who did not become aware of the suit until after a default judgment had been entered against the district. In reversing an order of the district court overruling the motion to set aside the default judgment, this court reasoned that while the district was not without fault due to the failure of its employees to notify the general manager and counsel of the suit, their conduct was not "so inexcusable that it should have the effect of defeating the district's right to have a trial of the issues . . . on the merits."[13]

Also pertinent to our analysis is the fact that Carrel would not be unfairly prejudiced by permitting Serco to defend the

---

[12] *Barney v. Platte Valley Public Power and Irrigation District*, 147 Neb. 375, 23 N.W.2d 335 (1946).

[13] *Id.* at 381, 23 N.W.2d at 338.

action on the merits. As we have noted, more than 2 years before the suit was filed, Serco placed Carrel's previous counsel on notice of its position that it did not employ Witt or own the vehicle he was driving at the time of the incident. And, as Serco contends and Carrel does not dispute, the statute of limitations with respect to the proper corporate defendant had run prior to the date on which Serco's answer was originally due.

Considering all of these circumstances, we conclude that permitting the default judgment to stand would unfairly deprive Serco of a substantial right and produce an unjust result. The effect of the judgment is to exact a substantial penalty against Serco for the lapses of its employees while permitting Carrel a full recovery from a defendant which, on the basis of the record before us, had no possible legal liability for his injury and damages. We therefore conclude that the district court abused its discretion in denying Serco's motion to vacate the default judgment.

## CONCLUSION

For the foregoing reasons, we reverse the judgment of the district court and remand the cause with directions to the district court to (1) vacate the default judgment entered against Serco on October 7, 2013, and (2) give Serco a reasonable time in which to file an appropriate responsive pleading.

REVERSED AND REMANDED WITH DIRECTIONS.

McCormack, J., participating on briefs.