Nebraska Supreme Court Online Library
www.nebraska.gov/apps-courts-epub/
07/21/2017 08:11 AM CDT

State of Nebraska ex rel. Counsel for Discipline
of the Nebraska Supreme Court, relator,
v. Dustin A. Garrison, respondent.
___ N.W.2d ___

Filed April 27, 2017.    No. S-16-803.

Original action. Judgment of suspension.

Heavican, C.J., Wright, Miller-Lerman, Cassel, Stacy,
Kelch, and Funke, JJ.

Per Curiam.

## INTRODUCTION

This case is before the court on the conditional admission
filed by Dustin A. Garrison, respondent, on December 27,
2016. The court accepts respondent's conditional admission
and orders that respondent be suspended from the practice of
law for a period of 90 days followed by 1 year's monitored
probation upon reinstatement.

## FACTS

Respondent was admitted to the practice of law in the State
of Nebraska on April 15, 2008. At all relevant times, he was
engaged in the private practice of law in Beatrice, Nebraska.

On August 24, 2016, the Counsel for Discipline of the
Nebraska Supreme Court filed formal charges against respond-
ent. The formal charges consist of one count against respond-
ent. With respect to the one count, the formal charges state
that in August 2008, a client was injured by a vehicle that was

- 551 -

Nebraska Supreme Court Advance Sheets
296 Nebraska Reports
STATE EX REL. COUNSEL FOR DIS. v. GARRISON
Cite as 296 Neb. 550

being driven by Devin Witt and that was registered in Texas to "SERCO, Inc." A police report was issued, which listed addresses for both Witt and SERCO in Borger, Texas.

The client initially retained a different attorney to represent him in a claim for damages against Witt and SERCO in Texas. In July 2009, that attorney was suspended from the practice of law, and his partner, respondent, began representing the client. No engagement contract was signed between the client and respondent.

On February 18, 2010, respondent sent a letter to "Serco, Inc.," in Reston, Virginia, to make a claim for damages suffered by the client in the August 2008 accident. On February 19, Serco in Virginia, sent a letter to respondent stating that it had never employed Witt and that it did not own any vehicles that were in Nebraska or that were involved in an accident in August 2008.

On May 21, 2012, respondent filed on a complaint on behalf of the client against "Serco, Inc.," a New Jersey corporation, and Witt, individually and as an employee of Serco in New Jersey. It was alleged in the complaint that Serco in New Jersey had a registered agent in Lincoln, Nebraska. Serco in New Jersey was served via U.S. mail through its registered agent in Lincoln, and Witt was served via U.S. mail at his address in Borger. A summons was served via certified mail to Serco in New Jersey, in care of its registered agent in Lincoln.

On October 7, 2013, the trial court entered an order of summary judgment against Serco in New Jersey in the amount of $210,216.36. In March 2014, respondent initiated garnishment proceedings on Serco's account at a Pennsylvania bank.

In April 2014, Serco in New Jersey filed a motion to vacate the default judgment and a motion for temporary injunction, in which it stated that it was unrelated to the entity doing business as "SERCO in Borger, Texas," which had been identified in the August 2008 police report. Serco in New Jersey further stated in its motions that it had never employed Witt.

- 552 -

Nebraska Supreme Court Advance Sheets
296 Nebraska Reports
STATE EX REL. COUNSEL FOR DIS. v. GARRISON
Cite as 296 Neb. 550

On April 24, the trial court entered an order in which it denied the motions.

Between December 2010 and April 2015, the client and respondent communicated via Facebook messages. Throughout the pendency of the case, the client asked numerous questions regarding the progress of the case and asked for explanations regarding the lawsuit. According to the formal charges,

> [r]espondent responded with statements such as "relax", "I will take care of it", "I will explain later", "we are fine", "we won", "Be happy. We are in the driver's seat", "I'm busy right now", "u realize we sued the wrong company right? We got the money from a company that had it. The correct company would never have had this type of money to pay our judgment", "this is complicated", "we've been busting our asses getting ready for this hearing", "I can't explain the whole process", and claimed they will have to write a book to explain it all to him.

The formal charges state that respondent failed to adequately answer the client's questions and adequately explain what was happening regarding the status of the client's lawsuit.

In April 2014, respondent discussed his fee amount with the client via Facebook messages. Respondent informed the client that his usual fee was 33 to 40 percent, but that he would accept 33 percent from the client's award.

Serco in New Jersey appealed the trial court's decision denying its motion to vacate the default judgment. On June 12, 2015, this court filed an opinion in which we reversed the judgment of the trial court and remanded the cause with directions to the district court to vacate the default judgment entered against Serco in New Jersey. See *Carrel v. Serco Inc.*, 291 Neb. 61, 864 N.W.2d 236 (2015).

In July 2015, Serco in New Jersey filed a motion for summary judgment and served respondent at his office address. On July 16, new counsel entered an appearance on behalf of

- 553 -

Nebraska Supreme Court Advance Sheets
296 Nebraska Reports
STATE EX REL. COUNSEL FOR DIS. v. GARRISON
Cite as 296 Neb. 550

the client, and on July 28, respondent filed a motion to withdraw as counsel.

On July 31, 2015, a first amended complaint was filed against "SERCO, INC.," in Texas and Witt, individually and as an employee of SERCO in Texas. The client's new counsel perfected the service of SERCO in Texas and Witt at the addresses provided in the police report of the August 2008 incident. On December 2, the action against SERCO in Texas was dismissed with prejudice and the action against Witt was dismissed.

The formal charges allege that by his actions, respondent violated his oath of office as an attorney, Neb. Rev. Stat. § 7-104 (Reissue 2012), and Neb. Ct. R. of Prof. Cond. §§ 3-501.1 (competence), 3-501.3 (diligence), 3-501.4(a) and (b) (communications), 3-501.5(b) and (c) (fees), and 3-508.4(a) (misconduct).

On December 27, 2016, respondent filed a conditional admission pursuant to Neb. Ct. R. § 3-313 of the disciplinary rules, in which he conditionally admitted that he violated his oath of office as an attorney and professional conduct rules §§ 3-501.1, 3-501.3, 3-501.4(a) and (b), 3-501.5(b) and (c), and 3-508.4(a). Respondent also acknowledged in his conditional admission that he had previously received two private reprimands. In the conditional admission, respondent knowingly does not challenge or contest the truth of the matters conditionally admitted and waives all proceedings against him in connection with the formal charges in exchange for a 90-day suspension followed by 1 year's monitored probation. Upon reinstatement, if accepted, the monitoring shall be by an attorney licensed to practice law in the State of Nebraska and who shall be approved by the Counsel for Discipline. Respondent shall submit a monitoring plan with his application for reinstatement which shall include, but not be limited to the following: During the first 6 months of probation, respondent will meet with and provide the monitor a weekly list of cases for which respondent is currently responsible,

- 554 -

Nebraska Supreme Court Advance Sheets
296 Nebraska Reports
STATE EX REL. COUNSEL FOR DIS. v. GARRISON
Cite as 296 Neb. 550

which list shall include the following: The date the attorney-client relationship began; the general type of case; the date of last contact with the client; the last type and date of work completed on the file (pleading, correspondence, document preparation, discovery, court hearing); the next type of work and date that work should be completed on the case; any applicable statutes of limitations and their dates; and the financial terms of the relationship (hourly, contingency, et cetera). After the first 6 months through the end of probation, respondent shall meet with the monitor on a monthly basis and provide the monitor with a list containing the same information set forth above. Respondent shall work with the monitor to develop and implement appropriate office procedures to ensure that the clients' interests are protected. Respondent shall reconcile his trust account within 10 working days of receipt of the monthly bank statement and provide the monitor a copy within 5 working days. Respondent shall submit a quarterly compliance record to the Counsel for Discipline demonstrating that respondent is adhering to the foregoing terms of probation. The quarterly report shall include a certification by the monitor that the monitor has reviewed the report and that respondent continues to abide by the terms of probation. If at any time the monitor believes respondent has violated the professional conduct rules or has failed to comply with the terms of probation, the monitor shall report the same to the Counsel for Discipline. Finally, respondent shall pay all the costs in this case, including the fees and expenses of the monitor, if any.

The proposed conditional admission included a declaration by the Counsel for Discipline, stating that respondent's proposed discipline is appropriate.

## ANALYSIS

Section 3-313, which is a component of our rules governing procedures regarding attorney discipline, provides in pertinent part:

- 555 -

Nebraska Supreme Court Advance Sheets
296 Nebraska Reports
STATE EX REL. COUNSEL FOR DIS. v. GARRISON
Cite as 296 Neb. 550

(B) At any time after the Clerk has entered a Formal Charge against a Respondent on the docket of the Court, the Respondent may file with the Clerk a conditional admission of the Formal Charge in exchange for a stated form of consent judgment of discipline as to all or part of the Formal Charge pending against him or her as determined to be appropriate by the Counsel for Discipline or any member appointed to prosecute on behalf of the Counsel for Discipline; such conditional admission is subject to approval by the Court. The conditional admission shall include a written statement that the Respondent knowingly admits or knowingly does not challenge or contest the truth of the matter or matters conditionally admitted and waives all proceedings against him or her in connection therewith. If a tendered conditional admission is not finally approved as above provided, it may not be used as evidence against the Respondent in any way.

Pursuant to § 3-313, and given the conditional admission, we find that respondent knowingly does not challenge or contest the matters conditionally admitted. We further determine that by his conduct, respondent violated conduct rules §§ 3-501.1, 3-501.3, 3-501.4(a) and (b), 3-501.5(b) and (c), and 3-508.4(a), and his oath of office as an attorney licensed to practice law in the State of Nebraska. Respondent has waived all additional proceedings against him in connection herewith. Upon due consideration, the court approves the conditional admission and enters the orders as indicated below.

## CONCLUSION

Respondent is suspended from the practice of law for a period of 90 days, effective immediately, after which period respondent may apply for reinstatement to the bar. Should respondent apply for reinstatement, his reinstatement shall be conditioned upon respondent's being on probation for a period of 1 year, including monitoring, following reinstatement,

- 556 -

NEBRASKA SUPREME COURT ADVANCE SHEETS
296 NEBRASKA REPORTS
STATE EX REL. COUNSEL FOR DIS. v. GARRISON
Cite as 296 Neb. 550

subject to the terms agreed to by respondent in the conditional admission and outlined above. Acceptance of an application for reinstatement is conditioned on the application's being accompanied by a proposed monitored probation plan, the terms of which are consistent with this opinion. Respondent shall comply with Neb. Ct. R. § 3-316 (rev. 2014), and upon failure to do so, respondent shall be subject to punishment for contempt of this court. Respondent is also directed to pay costs and expenses in accordance with Neb. Rev. Stat. §§ 7-114 and 7-115 (Reissue 2012) and Neb. Ct. R. §§ 3-310(P) (rev. 2014) and 3-323 of the disciplinary rules within 60 days after an order imposing costs and expenses, if any, is entered by the court.

JUDGMENT OF SUSPENSION.