IN THE NEBRASKA COURT OF APPEALS

## MEMORANDUM OPINION AND JUDGMENT ON APPEAL
### (Memorandum Web Opinion)

CIRCO ENTERS. V. HARRIS

NOTICE: THIS OPINION IS NOT DESIGNATED FOR PERMANENT PUBLICATION
AND MAY NOT BE CITED EXCEPT AS PROVIDED BY NEB. CT. R. APP. P. § 2-102(E).

CIRCO ENTERPRISES, L.L.C., APPELLEE,

V.

ZACH HARRIS AND BENEFITBAY, INC., APPELLANTS.

Filed May 13, 2025.    No. A-24-507.

Appeal from the District Court for Douglas County: LEANNE M. SRB, Judge. Affirmed.

Cory R. Wilson and Brianne K. Podraza, of Resolute Law, L.L.C., for appellant Benefitbay, Inc.

Tiffany E. Thompson and Hugh Reefe for appellee.

RIEDMANN, Chief Judge, and MOORE and ARTERBURN, Judges.

MOORE, Judge.

### INTRODUCTION

Benefitbay, Inc., appeals from the order of the district court for Douglas County, which denied its motion to vacate a default judgment entered against Benefitbay in favor of Circo Enterprises, L.L.C. (Circo). Benefitbay argues that because it did not receive service of process, the district court was without jurisdiction when it entered the default judgment. For the reasons set forth herein, we affirm.

### STATEMENT OF FACTS

In the spring of 2021, Circo and Benefitbay entered into a commercial lease agreement. The lease was executed by Benefitbay in its corporate capacity and signed by Zach Harris, as the "CEO/Founder" of Benefitbay. Harris also signed a personal guaranty. Circo alleged in its motion

- 1 -

for default judgment that Benefitbay defaulted on the lease and that on June 23, 2022, Circo sent a formal notice of termination of the lease to both Benefitbay and Harris, though neither responded.

On August 24, 2022, Circo brought suit against Benefitbay and Harris for breach of the lease agreement, claiming they were jointly and severally liable. Benefitbay is a Delaware corporation and had designated Rocket Services Corporation as its registered agent there. Harris, who was named as the registered agent and president of Benefitbay on certificates filed with the Nebraska Secretary of State, was served personally by the Douglas County Sheriff's Office at his residence on August 31. The address of Harris' residence was also listed as a registered office address of Benefitbay in filings with the Secretary of State. Additionally, Circo sent via certified mail the summons and complaint to Benefitbay through Rocket Services Corporation at its registered office in Delaware. On September 1, 2022, the summons was signed for at the address of its Delaware registered office with an illegible signature and no printed name. Neither Harris nor Benefitbay responded or entered appearances.

On October 12, Circo moved for default judgment. Copies of the motion and notice of hearing were sent by first class mail to Harris' Nebraska address and the registered office's Delaware address. On November 2, a hearing on Circo's motion was held without the appearance of Harris or Benefitbay. The district court entered a default judgment in favor of Circo the following day in the sum of $361,628, with post judgment interest at 5.981 percent.

On April 24, 2024, the district court entered an order disposing of the exhibits, which order was mailed to Harris at his Nebraska address and to Benefitbay at the address of their registered agent. On May 15, Rocket Services Corporation sent a letter to the district court stating that it was no longer the registered agent or office for Benefitbay (filed by the clerk on May 21).

On June 7, 2024, following the issuance of interrogatories on Core Bank, which held funds of Benefitbay, Circo filed a summons and order of garnishment to Core Bank. The same day, Benefitbay filed a motion to vacate the default judgment, alleging that the district court lacked jurisdiction because Benefitbay had not received service of process. The motion to vacate also alleged that because the service return receipt did not provide evidence as to who signed the proof of service, Benefitbay was not provided notice as required by due process. Benefitbay also filed a motion for a temporary injunction, requesting that the district court enjoin Circo from taking any action in furtherance of its judgment collection until the court had ruled on Benefitbay's motion to vacate. A hearing on Benefitbay's motions was held on June 20.

Following argument by the parties, the district court found that "service was properly perfected in this case." The court noted that the address for the business and individual involved in the matter had not changed since the filing, service, and hearing on the default motion in this case. Further, Circo had sent a notice for default judgment and "no one bothered to respond, no one bothered to contact the Court, no one bothered to show up for hearing." The court observed that significant time had elapsed since Circo's initial filings and that it appeared that Benefitbay could not comply with the judgment and so were seeking to vacate the default judgment. That same day, the court entered an order finding that service was properly made and denying Benefitbay's motions.

Benefitbay appeals.

## ASSIGNMENT OF ERROR

Benefitbay assigns, restated and consolidated, that the district court abused its discretion in denying its motion to vacate the default judgment because it did not receive service in accordance with Nebraska law.

## STANDARD OF REVIEW

In reviewing a trial court's action in vacating or refusing to vacate a default judgment, an appellate court will uphold and affirm the trial court's action in the absence of an abuse of discretion. On appeal, a much stronger showing is required to substantiate an abuse of discretion when the judgment is vacated than when it is not. *Carrel v. Serco Inc.*, 291 Neb. 61, 864 N.W.2d 236 (2015).

A judicial abuse of discretion exists when the reasons or rulings of a trial judge are clearly untenable, unfairly depriving a litigant of a substantial right and denying just results in matters submitted for disposition. *Id.*

## ANALYSIS

Benefitbay asserts that the district court abused its discretion in denying the motion to vacate the default judgment and erred in finding that perfected service was made on Benefitbay. Benefitbay contends that Circo's service on Harris in his personal capacity could not effectuate service on Benefitbay. Additionally, Benefitbay argues that service was not properly made on it under Neb. Rev. Stat. § 25-505.01 (Reissue 2016) as the proof of service bore an illegible signature, which could not show that Benefitbay would be given notice of the action by the unidentified signatory.

Proper service, or a waiver by voluntary appearance, is necessary to acquire personal jurisdiction over a defendant. *Francisco v. Gonzalez*, 301 Neb. 1045, 921 N.W.2d 350, 351 (2019). Neb. Rev. Stat. § 25-217 (Cum. Supp. 2024) is the general statute governing commencement of actions, and it currently provides:

> (1) An action is commenced on the day the complaint is filed with the court.
>
> (2) Each defendant in the action must be properly served within one hundred eighty days of the commencement of the action. If the action is stayed or enjoined during the one-hundred-eighty-day period, then any defendant who was not properly served before the action was stayed or enjoined must be properly served within ninety days after the stay or injunction is terminated or modified so as to allow the action to proceed.
>
> (3) If any defendant is not properly served within the time specified by subsection (2) of this section then the action against that defendant is dismissed by operation of law. The dismissal is without prejudice and becomes effective on the day after the time for service expires.

Circo commenced the action against Harris and Benefitbay on August 24, 2022. Benefitbay argues that it was not properly served as required by § 25-217(2) for the district court to have had jurisdiction to enter the default judgment against Harris and Benefitbay.

Here, because Benefitbay is a corporation, the manner of serving summons in a civil action is governed by Neb. Rev. Stat. § 25-509.01 (Reissue 2016). That statute authorizes several methods

of serving summons, including the one chosen by Circo in this case, "certified mail . . . to the corporation's registered office." Section 25-505.01 governs service by certified mail. Section 25-505.01(c)(i) requires that service of summons be made "within ten days of issuance, sending the summons to the defendant by certified mail with a return receipt requested showing to whom and where delivered and the date of delivery," and then "filing with the court proof of service with the signed receipt attached."

The record reflects that Circo sent a summons by certified mail to Benefitbay at its registered office in Delaware--Rocket Services Corporation. The return receipt showed that the certified mail was delivered, and the receipt signed on September 1, 2022. The signature on the receipt was illegible and no other information was included on the receipt, such as the printed name of the recipient or whether the recipient was an agent of the addressee. Despite the illegible signature on the receipt, the service on Benefitbay complies with the statutory requirements set forth in § 25-505.01, as the summons and complaint were delivered and Circo filed a proof of service with the district court which included the signed return receipt.

Benefitbay also argues that due process considerations render the service insufficient. Benefitbay contends that because the return receipt does not detail to whom it was delivered, nor that said individual was either an agent or the addressee, and because Circo presented no evidence that Benefitbay would be apprised of the notice by the individual who signed for the certified mail, notice was not reasonably calculated to apprise Benefitbay of the action.

In *Doe v. Board of Regents*, 280 Neb. 492, 788 N.W.2d 264 (2010), *overruled on other grounds, Davis v. State*, 297 Neb. 955, 902 N.W.2d 165 (2017), the Nebraska Supreme Court held that § 25-505.01 does not require service to be sent to a defendant's residence nor does it restrict delivery only to the addressee. However, it found that due process requires notice to be reasonably calculated to apprise the defendant of the pendency of the action and to afford him the opportunity to present his objections. *Id.* Indeed, "[t]he means employed must be such as one desirous of actually informing the absentee might reasonably adopt to accomplish it." *State on behalf of Ja'Quezz G. v. Teablo P.*, 293 Neb. 337, 344, 878 N.W.2d 358, 362 (2016) (quoting *Mullane v. Central Hanover Tr. Co.,* 339 U.S. 306, 70 S. Ct. 652, 94 L. Ed. 865 (1950)). The court later clarified that while plaintiffs may choose service by certified mail, they bear the risk that such method does not meet the standard articulated in *Doe. Anthony K. v. State*, 289 Neb. 523, 855 N.W.2d 802 (2014). The determination of whether service was reasonably calculated to apprise the defendant is an issue of fact. *Doe v. Board of Regents, supra*.

Benefitbay relies on this court's holding in *Kountze v. Domina Law Group*, No. A-16-033, 2017 WL 2123963 (Neb. App. May 16, 2017) (selected for posting to court website), where a law firm filed a claim against Kountze, an individual, to recover fees and expenses for professional services that the firm had performed on behalf of Kountze in previous years. The firm filed a signed proof of service indicating that Kountze was served via certified mail in Colorado. Kountze failed to respond to the complaint and the firm filed a motion for default judgment which was subsequently granted. Roughly a year later, Kountze learned of the default judgment and sought a motion to vacate the judgment. In support of his motion, Kountze submitted an affidavit in which he swore that he did not sign the proof of service and that he had no knowledge of who did.

After a hearing on the matter, the district court vacated the default judgment, finding that the service of process was not reasonably calculated to apprise Kountze of the pendency of the

action against him and to afford him the opportunity to be heard. Specifically, the district court found that the firm's course of dealings for 5 or 6 years was to send Kountze's bills to a specific post office box address, which was not the address where the service via certified mail was sent. The court noted that the post office box address appeared as an active address in both a database search for Kountze performed by the firm and in the information provided by Colorado's Department of Revenue. The district court further noted that it could not read the signature on the proof of service and therefore did not know who signed it. The district court held that the firm's attempt to serve Kountze had not been reasonably calculated to apprise him of the pending action and that the firm should have attempted service at the post office box.

On appeal, this court found that the illegible signature on the return receipt did raise due process concerns. However, we also found that the address to which the firm sent the certified mail was not one which had been provided to it by Kountze. To the contrary, the one address which Kountze had provided to the firm was one of three addresses to which it chose not to send the summons. We therefore held that a plaintiff's knowledge of whether there is a particular address or addresses at which a defendant can likely be reached is a relevant consideration in determining whether efforts to serve the defendant were reasonably calculated to inform him of the pending litigation.

Unlike in *Kountze*, service in this case was on a corporation and not an individual. Further, while there was an illegible signature on the return receipt in both cases, in the case before us, there was not a dispute regarding the address to which the certified mail was sent. As noted above, Circo sent service of process via certified mail to Benefitbay's Delaware registered address, an address on record with the Nebraska Secretary of State. In Benefitbay's own filings, it refers to itself as a "Delaware corporation[.]" It is reasonable to assume that Circo knew that Benefitbay's Delaware registered address was an address where Benefitbay could likely be reached. See *Kountze v. Domina Law Group, supra*. As the district court found at the June 2024 hearing, the addresses for Benefitbay had not changed since the filing, service, and hearing on the default motion in this case. There is no evidence to suggest that Rocket Services Corporation was not the registered agent or office for Benefitbay at the time the certified mail was sent, that the address on the certified mail was incorrect, or that the certified mail was not delivered.

Harris was also personally served at his residence. Harris was listed as Benefitbay's president and registered agent in Nebraska. The address of Harris' residence was also listed as a registered office address in filings with the Secretary of State. Harris was sued individually as a guarantor under the lease and the service of process does not refer to him in his official capacity as an agent or employee of Benefitbay. We agree with Benefitbay that Harris was only served in his individual capacity and not on behalf of the corporation.

However, though service on Harris individually did not constitute service on Benefitbay, we find that by serving Harris with a summons regarding a suit in which "Zach Harris and Benefit Bay, Inc., a Delaware corporation" were listed as defendants, Benefitbay should have been apprised of notice by the personal service of Harris since he was listed as the president of Benefitbay on the Nebraska Secretary of State filing, and he signed the lease as "CEO." The perfected personal service of Harris, combined with service of process via certified mail to Benefitbay's registered Delaware address (which complied with § 25-505.01), is sufficient to demonstrate that the service in this case was reasonably calculated to apprise the interested parties

of the pendency of the action and to afford them the opportunity to present their objections. See *Doe v. Board of Regents, supra*. Thus, under the circumstances of this case, we find that Benefitbay was properly served in accordance with applicable state statutes and that despite an illegible signature on the return receipt, Benefitbay was given sufficient notice of the suit for the purposes of due process.

Because Benefitbay received proper service, the district court had jurisdiction over Benefitbay. Further, the district court did not abuse its discretion in denying Benefitbay's motion to vacate the default judgment. Generally, when the court has entered a default judgment and the defendant has made a prompt application at the same term to set it aside, with the tender of an answer or other proof disclosing a meritorious defense, the court should on reasonable terms sustain the motion and permit the cause to be heard on the merits. *Carrel v. Serco Inc., supra*. When determining whether to set aside a default judgment, two competing interests must be considered: the right of a litigant to defend the action on the merits and judicial efficiency. *Id*.

At the June 2024 hearing, the district court found that despite receiving proper service, the defendants did not respond to the complaint or the motion for default judgment and that Benefitbay did not file its motion to vacate until over a year and a half after the district court had entered the default judgment. We agree that Benefitbay's motion to vacate did not constitute a "prompt application" to set aside the default judgment. Cf., *id*. (motion to vacate was filed 5 months 25 days after entry of default judgment); *Ponce de Carmona v. Carmona Vasquez*, No. A-21-573, 2022 WL 1086975 (Neb. App. Apr. 12, 2022) (selected for posting to court website) (motion to vacate was filed 27 days after entry of default decree of dissolution); *Andersen v. Reed*, No. A-19-966, 2020 WL 2374892 (Neb. App. May 12, 2020) (selected for posting to court website) (motion to vacate was filed 29 days after entry of default judgment); *Nicholson v. Lebron*, No. A-14-1105, 2016 WL 210889 (Neb. App. Jan. 19, 2016) (selected for posting to court website) (motion to vacate filed 1 month 28 days after entry of default judgment). Considering the interest of judicial efficiency, the district court did not abuse its discretion in denying the motion to vacate the default judgment.

CONCLUSION

Upon our review, we find that the service of Benefitbay complied with the relevant statutory requirements and with due process considerations. The district court did not abuse its discretion in denying Benefitbay's motion to vacate the default judgment.

AFFIRMED.